### 31556. TAYLOR v. STATE.

MacIntyre, P. J. 1. "It is now unquestioned that a witness may testify that statements made over a telephone were statements of the accused, where the witness is able to recognize the voice." 1 Wharton Criminal Ev. (11th. Ed.), § 267 (7), p. 330, 332, and § 267 (4), p. 330, 331. In the only special ground of the motion for a new trial the objection is raised that the testimony of the prosecutrix, who testified that she recognized the voice of the accused, was a conclusion and inadmissible. This ground is not meritorious. See, in this connection, People v. Strollo, 191 N. Y. 42 (83 N. E. 573); State v. Usher, 136 Iowa 606 (111 N. W. 811).

2. As to the general grounds, the question is whether or not the prosecuting witness was able to recognize the voice of the defendant over the telephone. *Held:* The evidence in the instant case relative to the identification and recognition of the voice of the defendant over the telephone by the prosecutrix is equally as strong, if not stronger, than the evidence of identification and recognition of the voice of the defendant over the telephone in the case of *McClung* v. *State,* 62 *Ga. App.* 892 (10 S. E. 2d, 303). The evidence was sufficient to authorize the jury to find that the prosecuting witness recognized the voice of the defendant over the telephone, and under the evidence as a whole they were authorized to find the defendant guilty as charged.
3. The trial judge did not err in overruling the defendant's motion for new trial, and the evidence authorized the verdict.

*Judgment affirmed. Parker and Townsend, JJ., concur.*

Decided May 28, 1947.

*Howard, Camp & Tiller,* for plaintiff in error.
*Roy Leathers, Solicitor-General,* contra.