## 29763. BURNETT v. THE STATE.

INGRAM, Justice.

Appellant was arrested in February, 1973, and indicted in July, 1973, by the grand jury of Chatham County for the offense of rape. He was tried before a jury on March 26, 1974, found guilty and sentenced to 19 years imprisonment. His motion for new trial was overruled and the case is here on appeal.

In his enumerations of error, appellant contends that the trial court erred in denying his motion for new trial because the evidence is legally insufficient to support his conviction by the jury. Appellant also contends the trial court erred in permitting appellant's conviction on the charge of rape to stand because it is based on the unsupported testimony of the alleged victim. In addition, appellant urges the trial court erred in admitting the testimony of a witness for the state who observed appellant looking into windows of houses at the time of his arrest. Finally, appellant contends that the trial court erred in admitting the testimony of two other witnesses for the state who testified that appellant made similar attacks on them. We have examined each of these contentions and find them to be without merit. Therefore, the judgment of the trial court will be affirmed.

The evidence presented at trial may be summarized briefly, as follows: In December, 1972, the victim of the alleged rape arrived home from work in Savannah, Chatham County, Georgia. In response to a knock at her door, the victim opened the door and was confronted by appellant who was armed with a knife and who immediately placed the knife to the victim's throat and inquired whether the victim had any money on hand. The victim testified that appellant also asked if anyone else was home at the time and then escorted the victim into the courtyard where he threatened to kill her, and then ordered her to disrobe. The victim testified further that appellant actually told her to remove only her undergarments and not all of her clothes. When she did, the victim was raped by appellant. Immediately following the sexual assault, the victim testified she unsuccessfully attempted to reach her daughter by telephone and then immediately reported the incident to the police. An officer responded to the victim's call. He testified that when he arrived at the scene the victim was crying and upset and her clothes were in disarray. Thereafter, the victim was carried to Memorial Hospital for examination. The physician who examined the victim testified that the victim was in a severe emotional state, similar to a person who had suffered a serious personal trauma. Laboratory samples were taken but none were presented in evidence.

The victim gave a description of the assailant to the police. Appellant was arrested several weeks later when a citizen in the same neighborhood alerted police to a suspect, later identified as appellant, whom she saw looking into residence windows in the neighborhood. The location of this incident was within two blocks of the home of the victim in this case. The police came to the neighborhood and arrested appellant. He was found to have a knife in his possession at the time of his arrest. Over appellant's objection, the state introduced evidence of appellant's intrusive conduct at the time of his arrest which was some seven or eight weeks subsequent to the sexual assault involved in this case. Over objection, the state also offered the testimony of two would-be rape victims who positively identified appellant as their attacker. Each of these incidents occurred in a townhouse located in the same general area (within five blocks) of the site of the sexual assault involved in the present case and took place within a month and a half time period of it.

The trial court charged the jury, on the corroboration issue, that they could not convict the defendant of rape upon the unsupported testimony of the female. The trial court also charged the jury that before they would be authorized to convict there must be other evidence independent of the female's testimony sufficient to connect the accused with the alleged crime and that all of the evidence taken together must convince the jurors beyond a reasonable doubt as to the alleged rape.

Under the facts of this case, the jury was fully authorized to find that the charge of rape by the victim had been corroborated by other evidence. Immediately after the attack, the victim sought to inform her daughter of the attack. The victim also called the police and then again called her daughter to inform her of the incident. The complaint was made to persons to whom a complaint or outcry would naturally be made. Upon the arrival of the police, the victim was upset, crying and near hysteria and her clothes were in disarray. In addition, the examining physician at the hospital concluded that the physical condition of the victim was consistent with her account of the ordeal. The victim's conduct, the testimony of the examining physician and the testimony of the police of-

ficer, who answered the victim's call at the scene, dealing with the physical condition of the victim shortly after the attack sufficiently corroborated the testimony of the victim. See *Teague v. State,* 208 Ga. 459, 463 (67 SE2d 467) (1951); *Rider v. State,* 195 Ga. 656 (4) (25 SE2d 304) (1943); and, *Thomas v. State,* 144 Ga. 298, 301 (87 SE 8) (1915). See, also, *Pierce v. State,* 230 Ga. 766, 770 (199 SE2d 235) (1973).

Appellant's next contention is that the testimony of a state's witness, introduced to show the circumstances surrounding appellant's arrest, was erroneously admitted at trial. This court has decided on many prior occasions that, "the flight of the accused, the time when and the place where arrested, the manner of the arrest, how he was armed ... and all the circumstances connected with the arrest, we consider proper evidence to be submitted to the jury to be weighed by them." *Wayne v. State,* 56 Ga. 113, 119 (1876); *McClung v. State,* 206 Ga. 421, 423 (57 SE2d 559) (1950). The testimony of the witness was properly admitted to show acts and conduct of the appellant at the time of his arrest. *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165) (1974).

Appellant's next contention is that the testimony of the two would-be rape victims was inadmissible at this trial to show appellant's guilt of this crime. It is well settled in rape cases that proof of similar offenses committed by the accused in the same locality, about the same time, and where similar methods were employed by the accused in commission of such offenses, is admissible in his trial for the purpose of identifying the defendant as the guilty party and to show motive, plan, scheme, bent of mind, and course of conduct. *Anderson v. State,* 222 Ga. 561 (150 SE2d 638); *Gunter v. State,* 223 Ga. 290 (154 SE2d 608); *McNeal v. State,* 228 Ga. 633 (5) (187 SE2d 271) (1972); *Hicks v. State,* 232 Ga. 393 (207 SE2d 30); *Payne v. State,* 233 Ga. 294 (210 SE2d 775); *Hunt v. State,* 233 Ga. 329 (211 SE2d 288). There must be some logical connection between the crimes from which proof of one would tend to establish proof of the other. In the present case, the victims all positively identified the appellant as the assailant, and all testified that he used a knife each time. The offenses all took place in a townhouse in the

same geographic locale; all assaults occurred within a one and one-half month period; and, each actual assault was similar in nature to the one here involved, as each dealt with an attempt to rape by the use of a knife and the assault was conducted after only a partial disrobing of the victim.

The testimony of these two witnesses was introduced to establish both the identity of appellant as the assailant as well as to illustrate a common motive and plan. Appellant at all times maintained that he was at work during the time of the present sexual assault and was not the perpetrator. Therefore, this evidence was also probative on the issue of appellant's identity. The trial court did not err in admitting this testimony. Cf. *Campbell v. State,* 234 Ga. 130 (214 SE2d 656) (1975), where a majority of this court approved the admission of similar type evidence in an armed robbery case although there had been a lapse of seven years between the two incidents.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 14, 1975 — DECIDED JUNE 24, 1975 — REHEARING DENIED JULY 10, 1975.

*John Wright Jones,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Robert R. Lorberbaum, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.