51409. BURNETT v. THE STATE.

CLARK, Judge.

This is an appeal from the overruling of a motion for new trial in the Superior Court of Chatham[1] County following a conviction of the offense of aggravated assault with intent to rape (Code § 26-1302). In addition to the general grounds challenging the sufficiency of the evidence appellant asserts the court erred in permitting three female witnesses to testify over defense objections.

The fifteen-year-old prosecutrix testified that

---

[1]Named for Earl of Chatham, William Pitt the Elder (1708-1778). In 1777, when converting from the parish system to counties, seven were named for English statesmen friendly to the cause of the American colonists, the eighth county being designated as "Liberty." The others were Burke, Camden, Effingham, Glynn, Richmond and Wilkes.

defendant had entered into her bedroom with a small knife in his hand, ordered her to come near him, and led her into the hall. When he told her to raise her nightgown, she started screaming. Whereupon the prosecutrix's mother, who had been upstairs, "yelled downstairs to me and he ran out the door." (T. 5). *Held:*

1. Defendant contends that the trial court erred in permitting, over his objections, the testimony of two women, who were allegedly rape victims. "It is well settled in rape cases that proof of similar offenses committed by the accused in the same locality, about the same time, and where similar methods were employed by the accused in commission of such offenses, is admissible in his trial for the purpose of identifying the defendant as the guilty party and to show motive, plan, scheme, bent of mind, and course of conduct." *Burnett v. State,* 234 Ga. 741, 744 (218 SE2d 4) and citations contained therein. While most of the cases utilizing testimony of this sort involve the defendant's conduct prior to the alleged crime, proof of subsequent conduct is equally admissible under this rule. See *Gunter v. State,* 223 Ga. 290 (154 SE2d 608).

The separate crimes must, of course, be logically related to the offense being tried and must tend to establish an element of the state's case. One of the victims who testified was the mother of the prosecutrix. She had been raped in the same residence three days before her daughter's assault. She stated a pocket knife had been used to effectuate the rape and she identified defendant as her assailant.

The other witness had been raped eight days after the assault at issue here. She lived three blocks from the prosecutrix. This rape also took place in the victim's dwelling house and by threat of a pocket knife. Defendant was also positively identified by this victim.

The testimony of the two rape victims was admissible to prove defendant's intent in his assault of the prosecutrix. Although defendant's assault of the prosecutrix was aborted by her screams, the defendant's intent to rape was properly shown by similar methods he employed in the completed rapes of others. The testimony of these two victims was also relevant to prove identity. Thus, the trial court did not err in allowing these

witnesses to testify.

2. Defendant further contends that the court erred in permitting the testimony of another woman who lived one block from the prosecutrix and was aware of the numerous rapes in the neighborhood. She observed defendant casing several homes and peering into house windows. Her report of this suspicious activity to the police resulted in defendant's apprehension. This testimony was properly admitted to show the acts and conduct of defendant at the time of arrest. See *McClung v. State,* 206 Ga. 421 (57 SE2d 559); *Burnett v. State,* 234 Ga. 741, 744, supra.

3. Defendant's remaining enumeration challenges the sufficiency of the evidence. We conclude that the jury could properly infer defendant's intent to rape from his command that the prosecutrix raise her nightgown and from his completed rapes under similar circumstances. The evidence was sufficient to authorize the jury's guilty verdict.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

Argued November 4, 1975 — Decided January 5, 1976.

*John Wright Jones,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, John B. Achord, Assistant District Attorney,* for appellee.