32271. CALLAHAN v. THE STATE.
32272. FORTUNE v. THE STATE.

NICHOLS, Chief Justice.

The appellants were jointly tried and convicted of the armed robbery of a convenience store. Their separate appeals enumerate the same errors.

1. The first enumeration of error contends that the evidence was insufficient to sustain a verdict of guilty. The appellants were apprehended within ten to fifteen minutes after the robbery and about 100 yards to the rear of the store. They were returned to the store where the victim identified them. Their car was found parked on a dirt road in the rear of the store. The car contained the gun used, fruits of the robbery, a hat worn by one of the robbers, the wallet of Callahan and an identification

bracelet of Fortune. The victim's wallet was found between the store and the parked car. This was more than sufficient to sustain the verdict, and this enumeration of error is without merit.

2. The remaining enumeration of error contends that because the appellants were returned to the store for identification, they were denied the right to confrontation in a lineup and that this confrontation was highly suggestive.

In rejecting a similar contention, this court held in *Sherwin v. State,* 234 Ga. 592, 593 (216 SE2d 810) (1975) that: "The things to consider in determining the likelihood of misidentification 'include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' See also *Yancey v. State,* 232 Ga. 167 (205 SE2d 282) [1974]."

The witness gave a detailed description at the time of the robbery, pointed out efforts to change their appearance at the time of trial and was very positive in his identification of appellants. Under the facts of this case the in-court identification was not tainted by the prior confrontation and there is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 6, 1977 — DECIDED MAY 25, 1977.

*Jay William Fitt,* for appellants.

*E. Mullins Whisnant, District Attorney, J. Gray Conger, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.