## 59025. TATE v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction of criminal attempt to commit an armed robbery. *Held:*

1. Connie Downer, an employee of Majik Market in Powder Springs, Georgia was confronted by a gunman wearing a ski mask demanding money. When a customer entered to pay for gas, she accepted his money and turned back to the gunman. He removed his mask, said "Never mind, I'm sorry," and left. Two police cars had just arrived outside and one officer thought he had seen the person with a pistol and directed him to stop. The person entered a car which departed at a high rate of speed. The other police car struck the departing vehicle and then the officer chased the vehicle until he caught it. There were two people inside — the defendant and Paul F. Jones, Jr. The police took all parties to the jail and placed Jones in an office and Tate in a jail cell. Downer testified she was asked to see if she could identify anyone in an office with 5 or 6 men in it. She could not. She said she was then asked to see if she recognized anyone in a "hallway room" with three people in it. She recognized two. The desk sergeant and another policeman. She testified "they were all police officers." She was then taken to a jail cell where she confronted the defendant. She could "not positively" identify him, but his voice was "very much the same."

The defendant contends the trial court erred in overruling his motion to suppress the in-court identification following an impermissibly suggestive showup which resulted in a substantial likelihood of irreparable misidentification. We do not agree. The evidence showed only a one-on-one showup of the defendant in a jail cell at a time when he was required to speak words used by the gunman at the attempted robbery. The testimony of the police chief shows that the defendant was involved in only one confrontation and the other lineups did not involve the defendant.

Although the practice of showing suspects singly to a witness for the purpose of identification rather than utilizing a lineup has been widely condemned, whether a violation of due process of law in the conduct of the

confrontation depends upon the totality of the circumstances. Stovall v. Denno, 388 U. S. 293, 302 (87 SC 1967, 18 LE2d 1199). Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) set forth a two-part test to determine whether the procedure followed violated due process. "The first inquiry is whether the [procedure used] was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification." *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775).

The fact that a one-on-one showup occurred will not result in a per se exclusion of subsequent in-court identification. Manson v. Brathwaite, 432 U. S. 98, 113 (97 SC 2243, 53 LE2d 140).

Where a pretrial showup may have been unnecessarily suggestive, Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) provides the criteria to determine whether there was a substantial likelihood of irreparable misidentification: (1) opportunity to view the defendant at the scene — the witness stated 30 seconds, after he took off the ski mask. The area was well lighted. (2) witness' degree of attention — average; (3) accuracy of prior description — cannot be determined at this level. Counsel did not include a description of the defendant or a photograph. (4) level of certainty demonstrated at confrontation — the witness was not positive of identification based on looks, but his voice was "the same" (5) time lapse — short.

The witness testified that the basis for her identification was her observation of defendant at the time of the offense — not in the jail cell. See *Griffin v. State,* 229 Ga. 165 (1) (190 SE2d 61); *Cash v. State,* 231 Ga. 285 (3) (201 SE2d 625); *Mathis v. State,* 231 Ga. 401 (6) (202 SE2d 73); *Brinks v. State,* 232 Ga. 13 (4) (205 SE2d 247).

Looking at the totality of the circumstances, we find the trial court did not err in permitting the in-court identification. *Yancey v. State,* 232 Ga. 167 (1) (205 SE2d 282); *Sherwin v. State,* 234 Ga. 592 (216 SE2d 810); *Hobbs v. State,* 235 Ga. 8 (218 SE2d 769); *Callahan v. State,* 239 Ga. 132 (2) (236 SE2d 77).

2. As we have found that the identification procedure was not in violation of the prisoner's due process rights, it did not taint the defendant's subsequent statements to the police. Defendant also contends that his pretrial statement was tainted by the police requiring him "to move to the front of the cell and to speak words similar to those used in the robbery attempt." Identity of the defendant is an issue for the trier of fact and the credibility of the witness, using as the basis for such identification, the defendant's physical appearance, clothes, or voice, is not to be decided by this court. *Wimberly v. State,* 233 Ga. 386 (3) (211 SE2d 281). "Accordingly, the contention that the testimony of the victim who first recognized the defendant in a lineup from his voice should be stricken is without merit." Id. For the same reason, we find no taint to the subsequent pretrial statement of the defendant. See *Willingham v. State,* 134 Ga. App. 603 (1) (215 SE2d 521); *Reese v. State,* 145 Ga. App. 453 (2) (243 SE2d 650). Our appellate courts have held, or recognized, that requiring a suspect in a criminal case to verbalize specified words for identification purposes, whether or not the words used are the same as those allegedly used during the commission of the offense, does not violate an accused's privilege against self-incrimination accorded the accused by the United States' Constitution and the state's statutes and Constitution. United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149); Gilbert v. United States, 366 F2d 923, 935 (9th Cir. 1966), cert. den. 388 U. S. 922 and 393 U. S. 985; see also Annot. 24 ALR3d 1261, 1265, §§ 3 (a), 6. This enumeration is without merit.

3. The assistant district attorney, while questioning a police officer, stated: "Describe the apprehension of these characters." Counsel for defendant objected. The prosecutor then said: "I'll call them robbers or crooks or whatever they would like." Defendant moved for but was denied a mistrial. The prosecutor's remarks were intemperate and unwarranted. They are inconsistent with the American Bar Association standards. See ABA Standards Relating to the Administration of Criminal Justice, The Prosecution Function, §§ 5.2, 5.8. While we do not approve of such conduct, neither do we find

reversible error. The objection was sustained and counsel was admonished by the court. In passing upon similar objections and motions for mistrial on account of improper argument or remarks of counsel, the trial court is vested with a sound discretion and his ruling thereon will not require a new trial unless it appears he clearly abused his discretion. *Smith v. State,* 204 Ga. 184, 188 (48 SE2d 860); *James v. State,* 215 Ga. 213, 215 (109 SE2d 735); *Bruce v. State,* 142 Ga. App. 211, 214-215 (235 SE2d 606). We find no abuse of discretion. In any event, it is highly probable such error—even though the jury was not instructed to disregard, did not contribute to the judgment reached by the jury. *Johnson v. State,* 238 Ga. 59, 60 (230 SE2d 869).

4. We have examined the remaining enumerations of error and find them to be without substantial merit.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED NOVEMBER 20, 1979 — DECIDED JANUARY 24, 1980 — REHEARING DENIED FEBRUARY 18, 1980.

*W. Michael B. Stoddard,* for appellant.
*Thomas J. Charron, District Attorney, James F. Morris, Assistant District Attorney,* for appellee.