## 62846. CARTER v. THE STATE.

BANKE, Judge.

The appellant was indicted for armed robbery and motor vehicle theft. His first trial ended in a mistrial due to the jury's inability to reach a verdict. A week later he was tried again and convicted. At issue in this appeal is whether the trial court erred in allowing a police witness to relate certain statements allegedly made by the appellant after his arrest, over the objection that the entire substance of these statements had not been furnished to defense counsel within 10 days of the trial, in accordance with a written request made pursuant to Code Ann. § 27-1302 (Ga. L. 1980, p. 1388).

The state responded to the request for discovery with the following written summary: "Advised of his constitutional rights, Ernest Carter stated he had been driving the [stolen vehicle]. Denied robbery." The police officer who had attempted to interrogate the appellant testified at trial as follows: "And he refused to sign the [waiver of rights] form and said he wanted a lawyer. And then later on, the only statement he said was that he admitted being in the car, but that he had got the car from a friend in Atlanta. But he denied doing the robbery." In response to questioning by the court, concerning what apparently constituted continued interrogation of the appellant after he had requested an attorney, the witness later stated: "After I advised him of his rights and asked him to sign the waiver of rights form, he said that he didn't want to sign the form and that he would like an attorney. And, so, we told him we were going to take his photograph and show it in a lineup, and if he was picked out from the lineup, we were going to charge him with armed robbery. And he said, 'Well, I didn't rob the lady and I got the car from a friend in Atlanta.' He mentioned San Soucie and he mentioned Burger King, and he didn't have the friend's name ... And, we asked him, you

know, how could we get hold of the friend, how could we verify this. And, you know, he didn't know. That was the end of the questioning."

Testifying in his own behalf at trial, the appellant continued to maintain that he had received possession of the car from a friend. He also provided the friend's name, explaining that he had been unwilling to provide the name to police because he had wanted to confer with a lawyer before telling them anything else. *Held:*

Code Ann. § 27-1302, supra, provides as follows: "(a) The defendant shall be entitled to have a copy of any statement at least 10 days prior to the trial of the case given by him while in police custody. The defendant may make this request, in writing within any reasonable period of time prior to trial. (b) If the defendant's statement is oral or partially oral, the prosecution shall furnish in writing all relevant and material portions of the defendant's statement. (c) Failure of the prosecution to comply with a defendant's timely written request for a copy of his statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief or in rebuttal. (d) If the defendant's statement is oral, no relevant and material (incriminating or inculpatory) portion of such statement of the defendant may be used against the defendant unless it has been previously furnished to the defendant if a timely written request for a copy of such statement has been made by the defendant. (e) The provisions of this section shall not apply to newly discovered evidence. Such evidence shall be produced as soon as possible after it has been discovered."

This court recently held that where the defense had requested discovery pursuant to this statute, and the state had responded only seven days before trial, the defendant's statements should have been excluded as evidence at trial. See *Garner v. State,* 159 Ga. App. 244 (282 SE2d 909) (1981).

In this case, the following statements were related in the presence of the jury which had not been furnished to defense counsel in accordance with the statute: (1) the appellant's statement that he wanted to speak to a lawyer, (2) his statement that he had gotten the car from a friend in Atlanta, (3) his mention of the Sans Souci and the Burger King in connection with this friend, and (4) his failure to identify the friend upon request. We do not consider the request for a lawyer to be "relevant and material" to any issue in this case so as to require written disclosure under subsection (b) of the statute. That the appellant had requested a lawyer was a fact not in dispute, and it bore no connection to the charges against him. As for his statement that he had gotten the car from a friend in Atlanta, this was clearly harmless to him, even if, technically speaking, it should not have been

admitted. As indicated previously, the appellant's defense at trial was based on his own testimony to precisely the same effect. Similarly, his mention of the Sans Souci and the Burger King in connection with the friend could not have been harmful. This leaves us with his failure to identify the friend upon request, which, of course, could have been viewed by the jury as conflicting with his willingness to provide the friend's name at trial. However, the appellant offered an explanation for this apparent conflict by testifying that he had not wanted to give any further information to police until he had spoken with a lawyer. Viewed in the context of this explanation and of the strong evidence of guilt, which included the victim's eyewitness identification, we find that the disclosure of this portion of the appellant's pre-trial statement to the jury was also harmless as a matter of law, i.e., it is "highly probable" that it did not contribute to the verdict. See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED DECEMBER 3, 1981.

*J. Dunham McAllister,* for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.