## 65738. CLARK v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for kidnapping with bodily injury, rape and armed robbery.

The evidence authorized the jury to find the following facts. Defendant, armed with a pistol, forced his way into the victim's car

and drove off with the victim to a secluded area, where he raped and beat her. Moving to another location defendant again raped and abused the victim and then drove away with her car and the property in it, leaving the naked victim behind. About a week later the victim's car was recovered. Subsequent investigation led to defendant's arrest and admission that he had been in possession of the car with the explanation that it had been lent to him by another person whom police were unable to locate. *Held:*

1. Error is enumerated because the trial court charged on the inference of guilt from possession of recently stolen property unless the possession was satisfactorily explained in that the court did not define recent possession, leading the jury into assuming that the possession was recent; and also shifted to the defendant the burden of proving that he had a satisfactory explanation for his possession. We find the charge was error free.

"[I]t is the rule in this state that recent unexplained possession of stolen property permits the jury to infer that the accused committed the theft . . . 'The nearer the possession to the time of the [theft], the stronger will be the inference of guilt; and the question of the result of the lapse of time is for the jury.' [Cit.] . . .

"To convict an accused under this rule, the state must prove that (1) the goods in the accused's possession were recently stolen and (2) someone committed the crime. If there is no satisfactory explanation of the defendant's possession, then the 'proof of these facts beyond a reasonable doubt creates a . . . permissible inference of defendant's guilt.' [Cit.]" *Williamson v. State,* 248 Ga. 47, 48-49 (281 SE2d 512).

The charge in the instant case was substantially the same as the one given in the *Williamson* case, where the court said: "We are called upon to decide whether, in this case, the language in the trial court's charge, instructing the jury that they might infer the defendant committed the crime upon proof that he was in possession of the stolen goods recently after the commission of the crime, 'unless . . . the defendant should make an explanation of his possession of the stolen property consistent with his pleas of innocence' unconstitutionally shifted the burden of persuasion to the defendant in this case. We conclude that it did not.

"As we held in Division 1, the presumption . . . was permissive rather than mandatory. We think that a rational trier of fact would have understood that he had a choice in deciding whether to draw the inference and would not have interpreted the court's charge as 'an irrebuttable direction' to find that the defendant had committed the crime. [Cit.] Furthermore, the challenged language does not require the defendant to prove 'the contrary by some quantum of proof,' [cit.], but, rather, indicates to the jury that if a satisfactory

explanation of the defendant's possession *is* made, they are not permitted to draw the presumption. Thus the language does not have the effect of shifting the burden of persuasion to the defendant but simply advises the jury that, under certain circumstances, they are not entitled to draw the presumption." Id at 59, 60.

2. The trial court did not err in refusing to merge the kidnapping charge into the rape charge.

This issue was raised in *Thomas v. State,* 237 Ga. 690 (III) (229 SE2d 458), where, on similar facts, the court said at 693-694: "[A]ppellant argues that it also was error not to find a merger of the kidnapping and the rape . . . based on Code Ann. § 26-506 (a) [now OCGA § 16-1-7] . . . which states: 'When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other; or (2), the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.'

"Since . . . these crimes differ only in definition of conduct prohibited, their merger will depend upon whether one is included in the other . . .

"We do not think that, in this situation, the crimes of . . . rape and kidnapping merge. [Cits.] In this case, neither is included in the other as a matter of fact or as a matter of law. [Cits.]"

*Haynes v. State,* 249 Ga. 119 (2) (288 SE2d 185), relied on by defendant where kidnapping for ransom and armed robbery were found to be merged, is factually distinguishable.

3. After defendant was arrested, the victim was shown an array of six photographs, including defendant's, and she selected defendant's photograph as looking very much like the perpetrator. Thereafter, a physical lineup of seven men including defendant was conducted at which all the participants were required to speak the words "Get out of the car." The victim identified defendant as the perpetrator. At trial the victim testified that she was with defendant for two hours while the crimes were being committed and identified him based on his facial features, skin color and voice.

Defendant alleges that the admission of the in-court identification was error because it was tainted by the pretrial lineups in that defendant was the only person in both the pictorial and physical lineups, and defendant was required to speak in violation of his rights against self-incrimination.

We do not find impermissible suggestiveness in defendant's being the only person to appear in both the pictorial and physical lineups. *Cleveland v. State,* 164 Ga. App. 478 (1) (298 SE2d 22).

"[R]equiring a suspect in a criminal case to verbalize specified words for identification purposes, whether or not the words used are the same as those allegedly used during the commission of the offense, does not violate an accused's privilege against self-incrimination accorded the accused by the United States Constitution and the state's statutes and Constitution. [Cits.]" *Tate v. State,* 153 Ga. App. 508 (2), 510 (265 SE2d 818).

Moreover, since the evidence shows that the victim had ample opportunity to observe defendant at close range for over two hours during the crimes, even if the lineups were unduly suggestive, the in-court identification was not inadmissible as it did not depend on prior identification but had an independent origin. *McCoy v. State,* 161 Ga. App. 97 (5) (289 SE2d 301).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 21, 1983.

*J. Stephen Schuster,* for appellant.
*Thomas J. Charron, District Attorney, Charles C. Clay, Assistant District Attorney,* for appellee.