66557. JENKINS v. THE STATE.

McMURRAY, Presiding Judge.
Defendant brings this appeal from his conviction of rape, aggravated sodomy, armed robbery and possession of a firearm by a convicted felon (all offenses occurring on April 27, 1982). *Held:*

1. In his first enumeration of error defendant contends that the trial court erred when it allowed evidence of an independent offense to be introduced. Defendant contends that since his attorney was not present at the post-indictment lineup in which the victim of a similar transaction (rape) occurring on April 14, 1982, identified his voice, the evidence should not have been admitted. Defendant's contention is without merit.

It is generally accepted that a defendant should be represented by counsel at a post-indictment lineup. United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149). However, lack of representation at the lineup alone, is not grounds for a new trial, since the right to counsel can be waived. *Martin v. State,* 132 Ga. App. 658 (2) (209 SE2d 103). Here, defendant's attorney was notified of the time and place of the lineup and chose not to attend. Counsel for defendant strenuously argues that he should have been notified that the voice

identification was to be performed as part of the lineup. However, the law only requires that notice of the impending lineup be given. *United States v. Wade,* 388 U. S. 218, 237, supra. Further, the investigator who conducted the lineup stated that it is not unusual to have persons in a lineup speak or say something. Counsel for defendant made a conscious decision not to attend the lineup. He may not now complain.

A separate question arises as to whether appointed counsel can waive the accused's constitutional right to counsel at a post-indictment lineup. However, here, this question need not be addressed because even if counsel had been present, defendant would not have had a right to refuse to speak. "Requiring a suspect to give a voice exemplar for identification purposes does not violate his privilege against self-incrimination accorded by the United States or Georgia Constitutions or the statutes of this state. *Tate v. State,* 153 Ga. App. 508 (265 SE2d 818)." *Davis v. State,* 158 Ga. App. 549, 552 (5) (281 SE2d 305). Also, there is no evidence that the lineup (which included both a visual view and a voice identification) was conducted in an impermissibly suggestive manner.

The investigator who conducted the lineup testified that people with similar complexions, weight, height and hair and of the same gender were selected. He further testified that he tried to get an array of people whose voices were similar. He stated that he listened to each of the lineup participants talking before he put them in the lineup and that their voices were very similar. He noted nothing that would lead him to believe that there was anything unique about defendant's voice as opposed to any other of the other six males in the lineup. Looking at the totality of the circumstances, we find that the testimony of the victim of the similar transaction (rape) occurring on April 14, 1982, was properly admitted. As to a portion of the cases involving admissibility of evidence of similar transactions, see *Atkins v. State,* 236 Ga. 624, 625 (225 SE2d 7); *Burnett v. State,* 137 Ga. App. 183, 184 (1) (223 SE2d 232); *Echols v. State,* 149 Ga. App. 620, 627 (5) (255 SE2d 92); *Williams v. State,* 156 Ga. App. 17, 18 (2) (274 SE2d 71); *Cook v. State,* 157 Ga. App. 23 (2) (276 SE2d 84); *Neal v. State,* 159 Ga. App. 450 (1) (283 SE2d 671); *Jones v. State,* 159 Ga. App. 634 (1) (284 SE2d 651); *Beldonza v. State,* 160 Ga. App. 647, 648 (1) (288 SE2d 37); *Grant v. State,* 160 Ga. App. 837, 838 (2) (287 SE2d 681).

Defendant further contends that the similar transaction (rape) evidence should have been excluded because it was opinion evidence for which there was no basis given for that victim's conclusion that defendant's voice was the voice of the man who raped her. This contention is also rejected.

Here, this witness had the opportunity to hear the voice of the

perpetrator. She testified that the perpetrator was in her apartment for a good twenty minutes and that she heard his voice on more than one occasion that evening. She testified that she told the policeman that the man who raped her sounded like he either had something in his mouth or sounded like he had a slur in his voice. She further stated that she recognized the voice of the defendant in the lineup as being the man who raped her and that there was no doubt in her mind about the identification of his voice. The investigator who conducted the lineup testified that when the defendant began to read, tears began streaming down this witness' cheeks. He also testified that she did not seem hesitant in the least when she selected the defendant as the man who raped her.

The defendant cites the case of *Henderson v. State*, 209 Ga. 238 (71 SE2d 628), in support of his contention that this witness' identification of the defendant by his voice should have been excluded. A careful analysis of the facts of the case cited by defendant discloses that the Supreme Court rejected the testimony as failing to measure up to the rule required by law in a case dependent entirely upon circumstantial evidence. The Supreme Court held as a matter of law that the evidence was not sufficient to sustain the identification of the accused as the perpetrator of the crime involved. This court in *Williams v. State*, 163 Ga. App. 866, 869 (295 SE2d 361) analyzed the above holding as a holding by the Supreme Court that the evidence was "inherently improbable and unbelievable." In the case sub judice, the evidence is neither inherently improbable nor unbelievable. As such, we will not weigh the evidence but will adhere to the rule of identification stated by the Supreme Court in *Wimberly v. State*, 233 Ga. 386, 387 (3) (211 SE2d 281), to wit: " 'Identity is a question for the trior of fact, and where a witness identifies a defendant (whether the identification be based on the defendant's eyes, clothes, hairline or some intangible factor not capable of description), the credibility of the witness making such identification is not to be decided by this court.' " Under the evidence presented to the jury in this case, the jury certainly was warranted in concluding that the voice of the perpetrator on the night of the similar transaction (rape) was identified by a competent witness upon credible testimony as being that of the defendant. See *Reese v. State*, 145 Ga. App. 453, 456 (2) (243 SE2d 650); *Taylor v. State*, 75 Ga. App. 205 (42 SE2d 926).

Furthermore, the testimony of this witness was allowed "for the sole purpose of showing plan, scheme, pattern, bent of mind and identity, if any, to the extent that it bears upon the crimes charged in the indictment." Defendant admitted to having intercourse with the victim in the April 27, 1982, incident in the case sub judice, but

claimed it was consensual. The transcript reflects the victim in the case sub judice testified that the perpetrator of the crimes occurring on April 27, 1982 had his face covered during part of the course of events of the incident. However, his face became uncovered and the victim recognized him as the defendant whom she had known for approximately three years. There was sufficient evidence tending to show that the intercourse was not by consent. The detective who investigated the crimes occurring on April 27, 1982, testified that it appeared that the front door lock of the victim's apartment had been forced. He stated that the victim was found visibly shaky and would cry uncontrollably. Clothes were found knotted up in the victim's apartment and the victim's television was found in the trunk of defendant's automobile. A curly wig which the victim testified the defendant wore was also found in defendant's apartment.

2. In Enumeration 2 defendant contends the trial court erred when it permitted the state to introduce statements made by the defendant to the arresting officer. Defendant contends that a timely request for all statements was made in accordance with Code Ann. § 27-1302 (Ga. L. 1980, p. 1388), in effect at the time of defendant's trial (now OCGA § 17-7-210, effective November 1, 1982, which in section (e) contains similar language but not identical to section (e) of former Code Ann. § 27-1302 (e)) and that the statement presented at trial had not been furnished to defendant's counsel.

The testimony concerned the location of defendant's car at the time of his arrest. A detective testified that when she asked defendant where his vehicle was, he stated that his brother had it. The detective then testified that defendant's car was actually found across the street from where defendant was arrested.

Former Code Ann. § 27-1302, supra, provides that if an oral statement given by the defendant while in police custody is timely requested in writing, then no relevant and material (incriminating or inculpatory) portion of such statement may be used against the defendant unless it has been previously furnished to the defendant.

Former Code Ann. § 27-1302 (e), supra, provides an exception to the disclosure requirement where the statement is newly discovered by the prosecutor. Such evidence shall be produced as soon as possible after it has been discovered.

Here, the district attorney was first informed about the detective's conversation with the defendant in regard to the location of the car approximately twenty minutes before the detective testified. The detective stated that those particular statements were unintentionally omitted from the police report. As such, this was newly discovered evidence and fell within the exception provided in former Code Ann. § 27-1302 (e), supra. See *Talley v. State,* 164 Ga.

App. 150, 152 (3) (296 SE2d 173); *Hampton v. State,* 162 Ga. App. 672, 674 (3) (292 SE2d 544); *Ellison v. State,* 158 Ga. App. 419, 420 (3) (280 SE2d 371). Also, defendant did not deny that he had intercourse with the victim. Nor did he deny taking her television. Moreover, during the trial the defendant testified that he made "love" and had "sex" with the victim on the date in question and took her "television" because she had stolen his money. He admitted he had told the detective that his "brother-in-law" had his (defendant's) automobile. He also admitted that his "brother-in-law" did. not have his automobile. Thus, it is highly probable that the failure to give the statement to defendant did not contribute to the verdict. See *Wallin v. State,* 248 Ga. 29, 32 (5) (279 SE2d 687); *Carter v. State,* 160 Ga. App. 588, 590 (287 SE2d 627). See also *Owens v. State,* 248 Ga. 629, 631 (284 SE2d 408).

Accordingly, Enumeration 2 is without merit.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*Susan E. Teaster,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard Hicks, Wallace J. Speed, Assistant District Attorneys,* for appellee.