## 75488. LOWE v. THE STATE.
(365 SE2d 479)

McMURRAY, Presiding Judge.

Appeal is brought from appellant's conviction of rape and robbery.

The evidence adduced at trial, viewed in the light most favorable to the verdict of the jury, was as follows: The victim was attacked from behind while walking to her home from a Metropolitan Atlanta Rapid Transit Authority station at about 11:00 p.m. She was dragged away from the street and raped while she was partially undressed. Her assailant held her by the throat and threatened to kill her if she did not stop crying and struggling. When ordered to stand up and completely undress she was able to escape, and ran home. Her purse containing $160 from her pay check was taken. Based on her description the police made a composite sketch of the attacker, from which appellant was recognized by a detective. Appellant was requested to come and have his picture made for a photo line-up, which he did. The victim positively identified appellant from the photo line-up as the man who attacked her and he was arrested. A physical line-up was conducted, during which all of the men were asked to say, "I do dope and I need a fix." The victim again positively identified appellant as her assailant. The victim's purse was recovered from behind an apartment complex on the same street where appellant's mother lives. Appellant denied commission of the crimes. His girl friend and

two of his friends, both of whom are convicted felons, testified that appellant was with them at his home on the night in question. *Held*:

1. Appellant's enumeration of error based on the general grounds is without merit. The evidence was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Devane v. State*, 183 Ga. App. 60 (1) (357 SE2d 819) (1987); *Ford v. State*, 180 Ga. App. 807 (1) (350 SE2d 816) (1986); *Davis v. State*, 180 Ga. App. 190, 192 (3) (348 SE2d 730) (1986).

2. In his second (and last) enumeration appellant contends the trial court erred "in allowing evidence concerning appellant's voice" and urges "this Court to overrule its cases concerning voice samples which are in conflict with the Georgia Constitutional protection against self-incrimination, and are logically inconsistent with analogous cases involving other acts." See, e.g., *Jenkins v. State*, 167 Ga. App. 840 (1) (308 SE2d 14) (1983); *Clark v. State*, 166 Ga. App. 366, 368 (3) (304 SE2d 494) (1983); *Tate v. State*, 153 Ga. App. 508, 510 (2) (265 SE2d 818) (1980). We reject appellant's arguments urging that we overrule these cases and, instead, "will adhere to the rule of identification stated by the Supreme Court in *Wimberly v. State*, 233 Ga. 386, 387 (3) (211 SE2d 281), to wit: ' "Identity is a question for the trior of fact, and where a witness identifies a defendant (whether the identification be based on the defendant's eyes, clothes, hairline or some intangible factor not capable of description), the credibility of the witness making such identification is not to be decided by this court." ' Under the evidence presented to the jury in this case, the jury certainly was warranted in concluding that the voice of the perpetrator on the night of the [crimes] was identified by a competent witness upon credible testimony as being that of the defendant. [Cits.]" *Jenkins v. State*, 167 Ga. App. 840, supra at 842. We find no grounds for reversal.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JANUARY 22, 1988.

*Carl Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, R. Stephen Roberts, Assistant District Attorney*, for appellee.