## A96A1696. SHROPSHIRE v. THE STATE.
### (476 SE2d 859)

Judge Harold R. Banke.

Burner Shropshire was convicted of two counts of sale of crack cocaine. Following the denial of his motion for new trial, Shropshire enumerates two errors, contending the evidence was insufficient to prove his identity in the underlying drug sales and contesting the admission of similar transaction evidence.

Viewed in a light most favorable to the verdict, the evidence disclosed that while Georgia Bureau of Investigation Agent Benjamin Collins was participating in an undercover drug operation, Shropshire approached him, asked what he wanted, then sold him $20 worth of crack cocaine. Approximately five minutes later, Collins and Shropshire completed a second hand-to-hand drug transaction when Collins purchased $40 worth of crack cocaine. About one and one-half hours later, Collins identified Shropshire from a photographic array consisting of ten-twenty photographs of suspected local narcotics dealers. As similar transaction evidence the State offered Shropshire's guilty plea to another cocaine sale also involving a hand-to-hand transaction. *Held*:

1. We reject Shropshire's contention that his identity as the drug seller was not established beyond a reasonable doubt.

Identity is a question for the trier of fact and where a witness identifies a defendant, the jury, not the appellate court, must determine the credibility of such identification. *Lowe v. State*, 185 Ga. App. 606, 607 (2) (365 SE2d 479) (1988).

Even assuming arguendo that the pre-trial photographic array was so suggestive as to cast doubt upon the reliability of the Collins' in-court identification, it passes a totality of circumstances review. *Askew v. State*, 193 Ga. App. 61 (2) (387 SE2d 25) (1989). Collins had the opportunity to observe Shropshire closely on two occasions, spoke with him directly, very little time had elapsed between the commission of the crimes and Collins' identification, and Collins expressed certainty as to Shropshire's identity. Id.

2. Shropshire contends that the trial court erred in admitting his prior drug conviction because he had not put his character in evi-

dence. According to the transcript, Shropshire did not voice any objection to the admission of this conviction as similar transaction evidence. Failure to object to the introduction of similar transaction evidence in cases like this one where a Uniform Superior Court Rule 31.3 (B) hearing was held precludes appellate consideration of alleged error in admitting that evidence. *Buckner v. State*, 219 Ga. App. 71, 72 (2) (464 SE2d 11) (1995). Issues not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. *Clark v. State*, 206 Ga. App. 10, 12 (2) (424 SE2d 310) (1992); *Jacobson v. State*, 201 Ga. App. 749, 751 (2) (b) (412 SE2d 859) (1991).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 9, 1996 —
RECONSIDERATION DISMISSED DECEMBER 4, 1996.

*Martin & Martin, Harold E. Martin*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.