## A05A1675. TUCKER v. THE STATE.

(621 SE2d 562)

ELLINGTON, Judge.

A DeKalb County jury found Sharetha Tucker guilty of robbery, OCGA § 16-8-40 (a), burglary, OCGA § 16-7-1 (a), and false imprisonment, OCGA § 16-5-41 (a). Tucker appeals from the denial of her motion for new trial, contending the evidence was insufficient to support her convictions. Finding no error, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citation and footnotes omitted.) *Sexton v. State*, 268 Ga. App. 736 (1) (603 SE2d 66) (2004). See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that around 11:00 p.m. on August 8, 2002, the victim was in her apartment with her one-year-old son and engaged in a multiparty telephone call with several friends. During the conversation, the victim heard a knock at the door. She put down the telephone, looked through the peephole and recognized Travis Fowler. When she opened the door, another man pushed Fowler aside and burst into the apartment, followed by a woman and Fowler.

The man with Fowler had a gun, and he told the victim to "give me everything you got, give me your money." The woman, who "was in [the victim's] face," appeared to be angry. The man dragged the victim to her bedroom, and the woman took the gun and told the victim to stay down. The man then ripped the telephone cord out of the wall and used the cord and the victim's halter top to tie up the victim's arms and legs.

One of the people who had been on the multiparty call with the victim called 911. When the police arrived about ten minutes later, Fowler warned the man and the woman and they all fled together. They took the victim's purse, $13, a cordless telephone, several compact discs, and her video cassette recorder.

The victim identified Fowler as one of the robbers. The police arrested Fowler, and he identified Tucker as the woman who participated in the robbery. The victim later tentatively identified Tucker from a photographic lineup. At trial, the victim testified that she was certain that Tucker was the woman in her apartment, explaining that

"I can see her close, so I can see her face." Fowler also testified at trial and identified Tucker as one of the people who entered the victim's apartment with him on August 8, 2002.

Tucker contends the evidence was insufficient to support her conviction because there was no physical evidence linking her to the crime, and because her identity was only confirmed by Fowler, who Tucker claims had a motive to lie to protect his own interests, and by the victim, whose pre-trial photographic identification was tentative. However, "[i]dentity is a question for the trier of fact, and where a witness identifies a defendant . . . , the credibility of the witness making such identification is not to be decided by this court." (Citation omitted.) *Heard v. State*, 268 Ga. App. 718, 721 (603 SE2d 69) (2004). Based on the foregoing, we conclude that the evidence would allow any rational trier of fact to find Tucker guilty beyond a reasonable doubt of the crimes for which she was convicted. See *Jackson v. Virginia*, 443 U. S. at 319.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 26, 2005.

*Virginia W. Tinkler*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.