A07A1154. TIGGS v. THE STATE.
(651 SE2d 209)

BARNES, Chief Judge.

Travis Tiggs appeals his convictions for armed robbery, aggravated assault, and possession of a firearm during commission of a felony. He contends that the evidence is insufficient to support his convictions. After the denial of his motion for a new trial challenging the sufficiency of the evidence supporting his convictions and following the grant of an out-of-time appeal, Tiggs filed this appeal. Finding no reversible error, we affirm.

The appropriate standard during appellate review of a criminal conviction is whether, after viewing the evidence in the light most

---

[11] See id.

favorable to the jury's verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the evidence shows that a rational trier of fact could have found the essential elements of the crime in this case beyond a reasonable doubt.

a. Tiggs first challenges the sufficiency of his identification by the victim. This identification occurred shortly after the incident, while Tiggs was handcuffed, with a flashlight shining in his face, standing ten or twelve feet from the victim, who was sitting in a car. This type of identification, a "showup" identification, has been held to be inherently suggestive, but not necessarily inadmissible. *Miller v. State*, 266 Ga. App. 378, 382 (1) (597 SE2d 475) (2004). The admissibility of such an identification is determined by applying a two-part test. First, we must determine "whether the identification procedure was impermissibly suggestive," and if so, we must determine "whether a very substantial likelihood existed of irreparable misidentification." (Punctuation omitted.) *Young v. State*, 272 Ga. App. 304, 310 (4) (a) (612 SE2d 118) (2005).

Showup identifications " ' "have been held not to be impermissibly suggestive but necessary due to the practicabilities inherent in such situations," ' " *Young v. State*, supra, 272 Ga. App. at 311, if "the showup was reasonably and fairly conducted at or near the time of the offense." Id. The victim identified Tiggs at or near the time of the offense — less than 15 minutes after the robbery occurred. Tiggs points out that the identification occurred while Tiggs was handcuffed, but this does not make the identification unreasonably or unfairly conducted. This court held in *Miller* that Miller being handcuffed during the identification would not have rendered the identification necessarily inadmissible. *Miller v. State*, supra, 266 Ga. App. at 383 (1).

We listed in *Miller* "factors to be considered in evaluating the likelihood of misidentification," including "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, and the level of certainty demonstrated by the witness at the confrontation." Id. at 382. As the robbery lasted two or three minutes and the victim was face-to-face with Tiggs for three or four seconds, the victim in this case had ample opportunity to view Tiggs at the time of the crime. Further, the victim gave the police a substantially correct description of Tiggs' person, and also demonstrated a high degree of certainty during the identification. Accordingly, we find this contention to be without merit.

b. Tiggs also challenges the sufficiency of the evidence by noting that no physical evidence connected Tiggs to the armed robbery, three

officers having failed to find the gun, the hooded sweatshirt, the victim's keys, and the victim's wallet. In *Tucker v. State*, 275 Ga. App. 611, 612 (621 SE2d 562) (2005), Tucker similarly contended that the evidence was insufficient to support her conviction because there was no physical evidence linking her to the crime, but this court held, " '(i)dentity is a question for the trier of fact, and where a witness identifies a defendant . . . , the credibility of the witness making such identification is not to be decided by this court.' " Tiggs was positively identified by the victim, and the credibility of the victim making that identification is a question of fact to be decided by the jury.

Viewed in a light most favorable to the verdict, the evidence presented was sufficient to support Tiggs's convictions.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED AUGUST 17, 2007.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.