## A07A1865. COSBY v. THE STATE.
### (656 SE2d 186)

MIKELL, Judge.
   Pamela Brion Cosby was convicted of sale of cocaine and sentenced to fifteen years, five to serve. On appeal, Cosby challenges the sufficiency of the evidence. We affirm.

> The standard of review on appeal of a criminal conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The appellant no longer enjoys the presumption of innocence, and we determine only the sufficiency of the evidence. We do not weigh the evidence or assess witness credibility.[1]

So viewed, the evidence shows that the state presented testimony from a confidential informant, J. P., that he worked for Officer Leslie Cheek of the Cartersville Police Department, purchasing illegal drugs as a cooperating witness; that on August 8, 2003, he made arrangements over the telephone to purchase cocaine from Cosby, whom he knew by her street name, "Dee"; that he had known Cosby for about six months; and that Cosby arrived at his house, and he

---

   purchased $40 worth of cocaine from her while she sat in her car, which was a grey, silver, or gold Honda Accord. At trial, J. P. identified Cosby as the person whom he knew as "Dee" and purchased cocaine from on August 8.

Cheek testified that he, along with two Bartow County Sheriff's Office agents, Mark Mayton and Brian Bunce, conducted surveillance of the drug sale and placed two recording devices on J. P. Cheek saw a "champagne-colored Ford product" pull up to J. P.'s address. A black female was driving the car and a white female was in the passenger seat. Cheek watched J. P. put his hand inside the vehicle and return to his residence with a closed fist. Cheek wrote down the license plate number on the car then collected the cocaine from J. P.'s residence.

A few days after the transaction, the officers were eating lunch with several other officers when Cosby and the white female who was involved in the drug buy walked into the restaurant, accompanied by a child. Cheek immediately recognized and walked over to talk to Cosby, whom he had known for several years. Agents Mayton and Bunce exited the restaurant to locate the vehicle that was used in the drug buy, and Bunce testified that the vehicle bore the same tag number as that recorded by Cheek. Mayton testified that the two women in the restaurant were the same women who were involved in the drug transaction. Cheek testified that they watched Cosby leave the restaurant in the same vehicle that was involved in the drug buy.

On appeal, Cosby challenges the sufficiency of the evidence. Citing no authority in support of her argument, Cosby maintains that her conviction must be reversed because of the inconsistent testimony about the description of the car that was used in the drug transaction. We disagree.

As stated earlier, this Court does not weigh the evidence or determine a witness's credibility but determines only if the evidence is sufficient under *Jackson v. Virginia*[2] to support the finding of guilt beyond a reasonable doubt.[3] "[I]dentity is a question for the trier of fact, and where a witness identifies a defendant, the credibility of the witness making such identification is not to be decided by this court."[4] J. P. and Cheek positively identified Cosby as the person who sold the drugs to J. P. The resolution of any inconsistencies in the evidence was for the jury as it resolves conflicts in the evidence, not this Court.[5]

---

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Jackson v. State*, 271 Ga. App. 278, 280 (1) (a) (609 SE2d 207) (2005).

[4] (Punctuation omitted.) *Tiggs v. State*, 287 Ga. App. 291, 293 (b) (651 SE2d 209) (2007), citing *Tucker v. State*, 275 Ga. App. 611, 612 (621 SE2d 562) (2005). Accord *Lowe v. State*, 185 Ga. App. 606 (2) (365 SE2d 479) (1988).

[5] *Medlin v. State*, 285 Ga. App. 709, 716 (3) (647 SE2d 392) (2007).

"The jury obviously resolved the inconsistencies . . . and the resulting credibility issues, in favor of finding [Cosby] guilty. We are not authorized to revisit such issues on appeal."[6]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 17, 2007.

*Jennifer R. Ennerberg,* for appellant.

*T. Joseph Campbell, District Attorney, Scott M. Smith, Allen R. Knox, Assistant District Attorneys,* for appellee.

A07A2048. JASPER COUNTY BOARD OF TAX ASSESSORS
v. THOMAS.
A07A2049. JASPER COUNTY BOARD OF TAX ASSESSORS
v. ROBERT L. YACKEE TRUST.
A07A2050. JASPER COUNTY BOARD OF TAX ASSESSORS
v. PROVIDENCE BAPTIST CHURCH.
(656 SE2d 188)

ELLINGTON, Judge.

These consolidated appeals had their origins in the applications of 20 taxpayers for conservation use assessments or other exemptions of their properties. When the Jasper County Board of Tax Assessors ("the Tax Board") denied the applications, the taxpayers appealed to the county board of equalization, which reversed. The Tax Board then appealed the cases to the superior court with the request that it hear the cases "as soon as practicable" for a nonjury de novo hearing pursuant to OCGA § 48-5-311 (g) (4) (A). When the trial court failed to conduct a nonjury hearing within 40 days, as required by that Code section, the taxpayers brought motions to dismiss, which the trial court granted. The Tax Board now asserts that the trial court erred when it granted the motions to dismiss. We agree and reverse.

1. The Tax Board contends that the superior court lacked the authority to dismiss its appeals on the sole ground that a nonjury hearing was not held within 40 days of its notices of appeal. We agree.

The Tax Board's notices of appeal to the superior court requested that each appeal "be heard as soon as practicable before the Court sitting without a jury." The Tax Board's certifications of the notices[1]

_____

[6] (Footnote omitted.) *Wilson v. State,* 257 Ga. App. 113, 115 (1) (570 SE2d 416) (2002).

[1] See OCGA § 48-5-311 (g) (2) (requiring that "[t]he county board of tax assessors shall certify to the clerk of the superior court the notice of appeal and any other papers specified by the person appealing").