## 58464. BLANTON v. THE STATE.

UNDERWOOD, Judge.

Blanton was convicted in the State Court of Fulton County of the offenses of simple battery and using obscene and vulgar language by telephone to a female in violation of Code Ann. § 26-2610. He appeals on the general grounds. We affirm as to the conviction of simple battery, but must reverse with respect to the Code Ann. § 26-2610 violation due to the lack of credible evidence to sustain this conviction.

1. The evidence relating to simple battery shows that sometime before noon on July 6, 1976 Blanton drove to the home of Hazel Ray and parked his car in the street by the driveway. He began talking to Mrs. Ray's daughter; Mrs. Ray went out the side door of the house where she could not be seen by Blanton. Upon hearing his

remarks to her daughter Mrs. Ray became angry and ran down the driveway to get the license number of Blanton's car. According to her testimony Blanton bent the license plate so she could not see the numbers; she grabbed his keys, locked the car and threw the keys away. Blanton then struck her on the side or back of the head. Blanton denied bending the license plate or striking Mrs. Ray. Her daughter corroborated Mrs. Ray's testimony.

The credibility of witnesses and weight to be accorded their testimony rests with the trier of fact. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975). The trial judge, as the trier of fact, believed the State's witnesses, and their testimony is sufficient to sustain a conviction of simple battery.

2. The conviction for using obscene and vulgar language to a female was based upon the allegation that such language had been used in a telephone call by the defendant to Mrs. Ray's daughter, Cynthia. However, the only evidence concerning this offense is the testimony of Mrs. Ray who indicated that upon discovering that Blanton was calling Cynthia, she gave the telephone to a friend and went next door to call the telephone company.

Upon her return, according to Mrs. Ray's testimony, Blanton was making the obscene comments to her friend. Neither Cynthia nor Mrs. Ray's friend testified concerning the telephone conversation and therefore the only evidence relating to this offense was hearsay. Even assuming that Mrs. Ray's testimony concerning this offense was proper, the conviction could not stand because the alleged obscene comments were not communicated by phone to Cynthia Ray as alleged in the allegation, but were communicated to Mrs. Ray's friend.

*Judgment affirmed as to simple battery; reversed as to using obscene and vulgar language by telephone to a female. McMurray, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED OCTOBER 16, 1979 — REHEARINGS DENIED OCTOBER 24 and NOVEMBER 7, 1979.

*Glenn Zell,* for appellant.
*Hinson McAuliffe, Solicitor, Charles Hadaway,*

*Assistant Solicitor,* for appellee.