*Hurst, Assistant Attorneys General,* amicus curiae.

## 61547. ELLISON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted for the offense of aggravated assault in cutting and stabbing another human being with a knife, the same being a deadly weapon. Defendant was sentenced to serve 5 years, 3 years to be probated after serving 2 years. Defendant appeals. *Held:*

1. The first enumeration of error is that the defendant made a written request to charge the provisions of Code Ann. § 26-705 (Ga. L. 1968, pp. 1249, 1270; 1969, pp. 857, 859), contending that the act was induced by misapprehension of fact which, if true, would have justified the act. The substance of defendant's testimony is that he had been previously robbed by the victim and thereafter was afraid of him; hence he began to carry a knife for protection. On the occasion in which the victim was stabbed or cut the defendant and the victim were passing on the street. The defendant thought the victim had a weapon which he intended to use, and being in fear of bodily harm he stabbed him and ran.

The court did not give the request to charge but did fully charge upon justification and that a person will not be presumed to act with criminal intention. The Supreme Court, in *Jordon v. State,* 232 Ga. 749 (4), 754 (208 SE2d 840); *McClendon v. State,* 231 Ga. 47, 48 (4) (199 SE2d 904), and *Young v. State,* 226 Ga. 553 (5) (176 SE2d 52), has held that if the principles covered in the written requests are given in the charge there is no error. In both the *McClendon* case and the *Jordon* case involving murder, the Supreme Court held that it was not error to refuse to charge the substance of Code Ann. § 26-705, supra, wherein justifiable homicide was fully charged. We think the same rule would apply here involving the offense of aggravated assault in which the trial court fully charged on the defense of justification, that is, the defendant's testimony raising the issue of whether the victim was armed and that he reasonably believed that his life was in danger and he was justified in using force "to prevent death or great bodily harm to himself, or the commission of a forcible felony." The trial court did not err in failing to give the written request on misapprehension of fact based upon the defendant's timely written request for same. However, compare *Bowers v. State,* 153 Ga. App. 894, 898 (2) (267 SE2d 309), and *Henderson v. State,* 141 Ga. App. 430 (4) (233 SE2d 505), as to charges which involve the defendant's sole defense.

2. The trial court's charge on self-defense was not burden shifting as defendant contends and did not impose upon him the burden of proving beyond a reasonable doubt that he was acting under a reasonable fear for his life, thus allegedly violating his rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution. The trial court clearly charged the jury on reasonable doubt and that the burden of proof "is on the prosecution and never shifts to the defendant." As stated in *Wood v. State,* 243 Ga. 273, 274 (2) (253 SE2d 751), the charge to the jury must be read as a whole in determining whether the charge contains any error. There is no merit in this complaint.

3. The trial court did not err in allowing a police officer to testify, over objection, as to oral statements made by the defendant while in police custody denying the stabbing. This testimony was in direct conflict with defendant's defense of justification and self-defense in stabbing the victim. The denial of the stabbing by the defendant occurred at the time of his arrest and according to the witness was made after he advised defendant of his rights and what he was charged with, the defendant contending that you have "the wrong person."

Defendant here contends he was denied his rights by reason of the fact that he had demanded all oral and written statements made by him while in police custody and same were not furnished to him under Code Ann. § 27-1302 (Ga. L. 1980, p. 1388). However, the assistant district attorney, at the time this testimony was disclosed and objection made, stated in his place that no such written statement was in the file and that he had "no knowledge that he [defendant] had made a denial as to having done the stabbing," and that examination of the file would show that the officer had made no input or report and no such denial was contained in the file. The statute in question states clearly that the defendant shall be entitled to a copy of any statement and if the defendant's statement is oral or partially oral, "the prosecution shall furnish in writing all relevant and material portions of the defendant's statement." However, the provisions of the statute "shall not apply to newly discovered evidence." Inasmuch as the prosecution contends the state was unaware of this denial and claim of misidentification on the part of the defendant at the time of his arrest, we find no reversible error in the court's refusal to exclude this testimony.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 7, 1981 —
REHEARING DENIED MAY 1, 1981

*Torin D. Togut,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, J. Wallace Speed, H. Allen Moye, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.