63815. HAMPTON v. THE STATE.

Sognier, Judge.
Attempted rape. Hampton appeals on the general grounds. He also contends the trial court erred by admitting, over objection, testimony relating to a separate sexual offense, and introduction of a

statement by appellant as to that separate offense, when the state had not supplied the statement to the defense after a proper, timely request in writing was made pursuant to the provisions of Ga. Code § 27-1302.

1. About 10:30 p.m. the victim was returning home in Augusta, Georgia, after making a telephone call from a pay telephone booth. As she was passing a church appellant grabbed the victim and dragged her behind the church. He forcibly removed the victim's shorts and panties, choked her, got on top of her and attempted to have sexual intercourse with the victim against her will. After struggling with appellant the victim managed to escape and ran home, where she reported the incident to her father and the police. Appellant was subsequently questioned by the police and admitted that he attempted to rape the victim. We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Approximately 30 days prior to the attempted rape in this case appellant approached a woman in the Greyhound Bus Depot in Augusta and asked her to step outside. When she did so appellant dragged her across the street and tore off all of her clothes. The woman was struggling and screaming, and when some men nearby heard the victim's screams, they came to the scene and started chasing appellant. He was apprehended a short time later and made a written statement admitting that he attempted to rape the woman. The trial court admitted testimony and appellant's written statement concerning this earlier sexual assault for the limited purpose of showing appellant's bent of mind, and appellant contends this was error.

Although evidence of independent crimes is not generally admissible, "evidence of the other crime is admissible if some logical connection can be shown between it and the crime charged from which it can be said that proof of one tends to establish the other, other than by merely showing the bad character of the accused. [Cit.] Evidence of independent crimes has been admitted for the purpose of showing, among other things, motive, plan, scheme, bent of mind, and course of conduct. [Cit.] The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." *Johnson v. State,* 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978); *Neal v. State,* 159 Ga. App. 450, 451 (1) (283 SE2d 671) (1981). "There was sufficient similarity in each of these instances to make the evidence admissible ... for illustrating his motive, plan, scheme, bent of mind, and course of conduct." *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974). In the

instant case the evidence of an attempted rape committed by appellant about one month earlier in a similar manner, i.e., by grabbing a woman, dragging her aside and removing her clothing, was sufficient to make the evidence admissible under the rule set forth in *Johnson, Hicks* and *Neal,* supra.

3. Appellant contends that because the state failed, upon timely written request, to provide him with a copy of his statement to the police regarding the earlier attempted rape, such statement was not admissible under the provisions of Ga. Code § 27-1302 (c). That section provides: "Failure of the prosecution to comply with a defendant's timely written request for a copy of his [in custody] statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief or in rebuttal."

The district attorney stated in his place that he first learned of appellant's earlier statement in late afternoon on the Wednesday before trial (on Friday morning) while interviewing the detective who took both of appellant's statements. The prosecuting attorney notified appellant's counsel of the statement telephonically the morning of trial, and also gave him a written synopsis of the statement the morning of trial. Thus, the statement was newly discovered evidence, and we held in *Ellison v. State,* 158 Ga. App. 419, 420 (3) (280 SE2d 371) (1981), that the provisions of § 27-1302 (c) do not apply to such evidence. Accordingly, the trial court did not err in admitting the statement.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1982.

*Stephen E. Curry,* for appellant.

*Sam B. Sibley, Jr., District Attorney, George N. Guest, Laurence G. Schmidt, Charles R. Sheppard, Assistant District Attorneys,* for appellee.