63939. THOMAS v. THE STATE.

DEEN, Presiding Judge.

1. The defendant appeals from a conviction of attempted rape. As to his motion for new trial on the general grounds only, "The rulings of the lower court, approving the verdicts will not be disturbed unless they are not supported by any evidence, as a matter of law" (*Knight v. State,* 239 Ga. 594 (1) (238 SE2d 390) (1977)) and the guilt of the defendant is such that a rational trier of fact would entertain no reasonable doubt. The defendant was identified by the victim and others who arrived at the scene, and there being no other material conflict in the evidence the jury chose to believe these witnesses in preference to the testimony of the defendant.

2. The trial was set for hearing September 28, 1981. On September 25 the defendant moved to prevent the state from referring to any statements allegedly made by the defendant at the scene of the crime which might arguably indicate he was the guilty party. The court ruled that in view of the proximity of trial the motion would be considered when appropriate during trial in the absence of the jury. The hearing was in fact so held during the presentation of the state's case. The court considered the circumstances and ruled that any statements made by the defendant while being fingerprinted occurred after his Miranda rights were given, were voluntary, and were not induced by the officer doing the

fingerprinting. The motion was then overruled.

In *Williams v. State,* 159 Ga. App. 508 (284 SE2d 27) (1981), a § 27-1302 request for discovery was filed November 12 and the trial commenced November 17, on which date the motion was also granted. There as here neither the request nor the grant observed the requirements of Code § 27-1302 that the request be "timely" and the response "at least ten days prior to trial." In that case we ruled that "if the state intended to use appellant's in-custody statement at trial, the burden was on the state, not on appellant, to request a continuance pending compliance with the statute." In the present case, however, the defendant gave no indication that the so-called motion in limine was intended to encompass the time limitations of Code § 27-1302, nor to explain why the motion was not filed in time to allow ten days for compliance. The court obviously treated the motion as a Jackson-Denno hearing request, and after the court's ruling upon hearing evidence that the statements were voluntarily made the defense raised no issue of the timeliness of presentation. For all these reasons we must rule that the applicability of Code § 27-1302 was not raised either in the motion, at the hearing thereon, or when the evidence was offered during the trial. The time limitation must accordingly be considered waived. A Brady motion which fails to indicate reference to Code § 27-1302 or Code § 27-1303 is generally inadequate for discovery under these statutes. *State v. Meminger,* 249 Ga. 561 (292 SE2d 681).

*Judgment affirmed. Pope, J., concurs. Sognier, J., concurs specially.*

DECIDED JULY 16, 1982.

*Curtis W. Miller,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

SOGNIER, Judge, concurring specially.

Appellant made a timely request for copies or written summaries of all statements, written or oral, made by him while in police custody. The prosecution complied with this request; however, one week prior to trial the prosecuting attorney learned for the first time that appellant had made an oral statement to a police officer while being fingerprinted after his (appellant's) apprehension. The prosecuting attorney immediately notified appellant's counsel of the statement, and stated during a hearing on appellant's objection and motion to bar use of the statement that there was no record of the statement in the district attorney's file or in any police reports. In my

opinion this case is controlled by *Ellison v. State,* 158 Ga. App. 419, 420 (3) (280 SE2d 371) (1981), which held: "However, the provisions of the statute [Ga. Code § 27-1302] 'shall not apply to newly discovered evidence.' " Therefore, I specially concur as to Division 2.