## 39691. LEDESMA v. THE STATE.

CLARKE, Justice.

Appellant appeals from her conviction for possession of a firearm by a convicted felon (OCGA § 16-11-131 (Code Ann. § 26-2914)) and for violation of the Controlled Substances Act. Following receipt of a teletype message from Missouri police that Miriam Ledesma was wanted for violation of the Missouri Controlled Substance Act, Fulton County and City of Atlanta police, who had assumed that an arrest warrant would be forthcoming from Missouri, arrested Ledesma. She was stopped in her car and placed under arrest. Her car was searched and a gun was found in a zipped pouch. Following Ledesma's arrest her car was impounded and a warrantless inventory search was conducted. A pill bottle containing Phentermine, a controlled substance, was found in the ash tray.

1. Ledesma contends that the trial court erred in overruling her motion for a directed verdict based on insufficiency of the evidence. In Georgia, where exclusive possession of an automobile is shown, the presumption is that the owner has possession of the property contained therein. This presumption is rebuttable and does not apply if it can be shown that a defendant has not been in possession or control for a period before discovery of contraband or where others have had equal access to the automobile. *Farmer v. State,* 152 Ga. App. 792 (264 SE2d 235) (1979). Ledesma's entire defense rested upon a theory of equal access to the car by others, primarily her husband and her driver. The car had been purchased just over a month before the arrest. There was testimony by the arresting officer that she said that her husband, the co-owner of the car, had left her about a month prior to the arrest. She testified on direct examination that her husband was not presently living with her but that he had been living with her at the time of the arrest. As for the others who had had access to the car, her testimony was that the driver and her sister had driven the car on "a couple" of occasions and that her son had driven it. On the day of the arrest the driver and a real estate agent had been in the car. There was testimony that the pills were found in the ash tray and visible from the driver's seat. Ledesma testified she smoked and used the ash tray on the day of the arrest. It is for the trier of fact, in this case the jury, to judge the credibility of witnesses and to weigh their testimony. *Young v. State,* 232 Ga. 176 (205 SE2d 307) (1974); *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980); *Blanton v. State,* 152 Ga. App. 205 (262 SE2d 476) (1979). In this case Ledesma was the sole occupant of the car of which she was the co-owner. She never testified that the gun and drugs were not hers. The jury decided that she had possession. The evidence was

sufficient to withstand a motion for directed verdict. Cf. *Speight v. State,* 159 Ga. App. 5 (282 SE2d 651) (1981), cert. den. 455 U. S. 947.

2. In her second enumeration of error, Ledesma claims that the court erred in overruling her motion to suppress the gun and pills confiscated from her car. The motion to suppress was properly denied. The gun was found in a lawful search incident to the arrest of Ledesma and was proper for that reason. Chimel v. California, 395 U. S. 752 (89 SC 2034, 23 LE2d 685) (1969). The pills were discovered during an inventory search conducted after the arrest. This search was also properly conducted without the requirement that a warrant be first procured. Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419) (1970).

3. Ledesma assigns error to the trial court's overruling her challenge to OCGA § 17-13-34 (Code Ann. § 44-414) as violating the Fourth, Fifth and Fourteenth Amendments in that it authorizes an arrest based on less than probable cause. OCGA § 17-13-34 (Code Ann. § 44-414) authorizes a warrantless arrest by officers in this state upon reasonable information that the accused is charged in the courts of a state with a crime punishable by death or imprisonment for more than a year. This statute is justified under the Fourth, Fifth and Fourteenth Amendments in that it is based upon a standard which comports with the constitutional standard of probable cause as set forth in Beck v. Ohio, 379 U. S. 89 (85 SC 223, 13 LE2d 142) (1964).

Ledesma further contends that her arrest was invalid under the statute because at the time the teletype arrived from Missouri saying that Miriam Ledesma was wanted for violation of the Missouri Controlled Substance Act, and at the time she was arrested in Fulton County, no warrant had been actually issued in Missouri for her arrest. In Georgia, if probable cause to arrest exists, a warrantless arrest is lawful. *Durden v. State,* 250 Ga. 325 (297 SE2d 237) (1982); *Vaughn v. State,* 247 Ga. 136 (274 SE2d 479) (1981). The arresting officers testified at trial that they believed that a warrant had been issued in Missouri. This belief was based on reliable information from Missouri officials that the issuance of a warrant was imminent charging her with a violation of the Missouri Controlled Substance Act. When they received the message that Miriam Ledesma was wanted, they interpreted this to mean that the warrant had been issued. Even if this mistaken interpretation did not meet the requirement of the statute that the officers have reasonable information that she was charged in the courts of another state with a crime punishable by death or a prison term exceeding one year, it does amount to probable cause to arrest which is the applicable

standard for a warrantless arrest in Georgia.

4. The constitutional attack on OCGA § 16-11-131 (Code Ann. § 26-2914), which punishes possession of a firearm by a convicted felon on the basis that it constitutes an ex post facto law, is without merit. In *Landers v. State,* 250 Ga. 501 (299 SE2d 707) (1983), we disposed of this argument, holding that the applicable date is the date of the offense of possession, not the date of the previous felony conviction. It is also clear that application of OCGA § 16-11-131 (Code Ann. § 26-2914), which punishes a discrete crime subjects a defendant to neither double jeopardy nor multiple prosecutions for the same offense.

5. Ledesma's fifth enumeration of error is that the court admitted over objection a statement made by the defendant which was not furnished to defendant even though she made a proper request. She argues that the state did not meet the requirements of OCGA § 17-7-210 (Code Ann. § 27-1302). The statement in question here was Ledesma's statement to one of the arresting officers that her husband had left her about a month prior to the arrest. The defendant moved for a mistrial on the ground that the statement was admitted although it had not been furnished to defendant after a proper request. OCGA § 17-7-210 (e) (Code Ann. § 27-1302) provides that the section will not apply to evidence discovered after a request is filed. The district attorney stated that he was not aware of the statement until lunch time on the day of the officer's testimony. The sanctions for failing to supply the statement are thus not applicable. *Ellison v. State,* 158 Ga. App. 419 (280 SE2d 371) (1981). This statement, unlike that in *Walraven v. State,* 250 Ga. 401 (297 SE2d 278) (1982), relied upon by Ledesma, was not directly inculpatory but was relevant only in rebuttal to the theory of equal access developed by Ledesma at trial. The statement in and of itself is neither inculpatory nor exculpatory. Considering all the circumstances we find that the admission of the statement was not error.

6. The enumeration of error complaining that the state did not prove chain of custody of the pills found in Ledesma's car is without merit. A review of the transcript reveals that any discrepancy between the testimony of the officers who had custody of the evidence is inconsequential. The state established a "reasonable assurance" of the identity of the pills. *Dent v. State,* 243 Ga. 854 (257 SE2d 241) (1979); *Painter v. State,* 237 Ga. 30 (226 SE2d 578) (1976). Ledesma, on the other hand, has shown no more than the bare possibility of tampering.

7. Ledesma's complaint as to the court's allowing the state to address questions propounded by the jury after the close of the evidence was not raised below and cannot be raised on appeal.

Further, the judge carefully instructed the jury that the evidence was closed. He also instructed counsel that they must not go beyond the evidence in addressing the questions of the jury during closing argument. We find no harm in the court's allowing counsel for both sides an opportunity to address the jury questions so long as no new information was injected into the argument.

8. Since closing arguments of the attorneys were not reported, and since Ledesma has not supplemented the record by any of the approved methods, OCGA § 5-6-41 (Code Ann. § 6-805), the enumeration dealing with improper closing argument by the district attorney is deemed abandoned.

9. There was no error in the court's charging the language of OCGA § 16-11-131 (Code Ann. § 26-2914), or in refusing to charge sudden emergency, specific intent, or OCGA § 16-11-126 (c) (Code Ann. § 26-2901), which concerns carrying a concealed weapon.

10. The last enumeration of error deals with the failure of the court to order exculpatory material be turned over to defendant. At the hearing on Ledesma's motion to suppress she requested as part of a Brady motion that the court inspect the file of the Fulton County Sheriff's office as to the communication between that office and authorities in Missouri. The trial judge agreed to inspect the file. If the appellant desires to have this inspection reviewed by this court, she must point out what material she believes to have been suppressed and show how she has been prejudiced. Since Ledesma has not made this showing, we find this enumeration to be without merit. *Welch v. State,* 251 Ga. 197 (304 SE2d 391) (1983); *Burke v. State,* 248 Ga. 124 (281 SE2d 607) (1981); *Wilson v. State,* 246 Ga. 62 (268 SE2d 895) (1980).

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED OCTOBER 5, 1983.

*J. M. Raffauf,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.