*Peters,* for appellant.
*Helen J. Medlin,* for appellee.

## 41129. GIBBONS v. THE STATE.
(319 SE2d 861)

CLARKE, Justice.

The single issue presented in this appeal is whether statements made by appellant to police were inadmissible because of appellant's warrantless arrest.

The victim, Michael Moate, and his homosexual lover lived together in an apartment. After Moate and his roommate ended their relationship, Moate made arrangements to move when the lease expired in February 1983. In January 1983 Moate began dating the appellant, who moved in with the other two. On the night of January 23, 1983, the roommate arrived home and went to bed without seeing the other two. Shortly after 5:00 a.m. he was awakened by appellant who turned on a light. The roommate testified that appellant came at him with a ten-to-twelve inch knife and a bath towel. The roommate testified that appellant cut him and that he ran out of the bedroom and down the hall, glancing into Moate's room. He observed Moate on the bed, covered except for his foot. The roommate, nude from the waist down, went down to the lobby and, hiding behind a statue, called to a security guard to notify police.

Police arrived at 5:20 a.m. and found Moate dead in bed. Based on a description by the roommate a search was instituted for appellant, who was arrested at approximately 5:30 a.m. three blocks from the crime scene. Before his arrest appellant went into a nearby club and told a friend that he had stabbed Moate. After the arrest he made a statement to police in which he initially denied killing Moate but eventually admitted the stabbing.

Appellant was tried for aggravated assault of the roommate and murder of Moate. He was found guilty of murder and sentenced to life imprisonment. He appeals. We affirm.

Appellant raises only one enumeration of error. He contends that the court erred in admitting his statements to police since they were made subsequent to a warrantless arrest. We have addressed this issue on several occasions recently and held that where there is probable cause, an arrest warrant is not required for an arrest outside a suspect's home. *Ledesma v. State,* 251 Ga. 487 (306 SE2d 629) (1983); *Durden v. State,* 250 Ga. 325 (297 SE2d 237) (1982). Here the arresting officer was given the name and description of appellant as perpetrator of both murder and an aggravated assault. He had probable cause to arrest appellant under the standard set forth in Beck v. Ohio, 379 U. S. 89 (85 SC 223, 13 LE2d 142) (1964).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984.

*Walter M. Henritze, Jr.,* for appellant
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.