### 71218. WESLEY v. THE STATE.
(341 SE2d 507)

SOGNIER, Judge.

Appellant was convicted of voluntary manslaughter and appeals.

1. Appellant contends the evidence is insufficient to support the verdict. The evidence disclosed that appellant and her husband, the victim, were married for two and one-half years. During that time appellant's husband drank heavily, would come home drunk and beat appellant and threaten to kill her. On the night of the killing appellant was sleeping in her son's room when her husband came home drunk. He dragged appellant out of bed by her hair and started beating and kicking her. He then dragged appellant into their own bedroom, saying he was going to kill her there. The victim got a gun out of the closet and appellant broke loose and got her own gun. She shot at her husband's feet, then ran downstairs shooting back at her husband. Appellant ran outside, threw the gun away and hid under a car. When the police arrived at the scene they found appellant's husband dead at the top of the stairs leading to the basement. The gun appel-

lant used was never found and the victim was unarmed when found by the police. Testimony was presented that three gunshot wounds found in the victim were inconsistent with his being shot while appellant was running downstairs, since the trajectory was horizontal rather than angling upward through the victim's body.

Appellant argues that under the evidence she was either guilty of malice murder, as charged, or nothing, claiming that she killed her husband in self-defense. Thus, she contends that the evidence does not support a finding of voluntary manslaughter.

A person commits voluntary manslaughter when she causes the death of another human being under circumstances which would otherwise be murder, if she acts solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. OCGA § 16-5-2. Appellant's testimony that she was dragged out of bed, beaten and kicked, and that the victim said he was going to kill appellant was corroborated by appellant's children. This is sufficient provocation to bring it within the definition of voluntary manslaughter. *Ellis v. State*, 168 Ga. App. 757, 758 (1) (309 SE2d 924) (1983).

Where appellant is the only eyewitness to the shooting who testifies, a jury is not required to believe her self-defense testimony. *Jenkins v. State*, 241 Ga. 212 (244 SE2d 868) (1978). Where appellant's testimony is not consistent with and does not explain other direct and circumstantial evidence, the defendant's explanation may be rejected by the triers of fact. *Terry v. State*, 243 Ga. 11, 12-13 (1) (252 SE2d 429) (1979); *Green v. State*, 155 Ga. App. 795, 796 (272 SE2d 761) (1980). Hence, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by failing to charge the jury on the principles of retreat as required by *Johnson v. State*, 253 Ga. 37, 39 (315 SE2d 871) (1984). No issue of retreat was raised by the State or the defense; in fact, the only evidence indicated that appellant was attempting to run away from the victim when she shot him. Since the prosecution did not raise an issue of the duty to retreat, the rule enunciated in *Johnson*, supra, is not applicable to the facts of this case. *Dumas v. State*, 173 Ga. App. 227, 228 (326 SE2d 1) (1984).

3. Appellant contends that the trial court erred by admitting into evidence copies of a scientific report and a statement by appellant which had not been provided to her by the prosecution at least ten days prior to trial after a timely written request for such items was made pursuant to the provisions of OCGA §§ 17-7-210 and 17-7-211. The documents in question were State Exhibits 21 and 22. Exhibit 21 was not a scientific report, but was a "Receiving Screening Form"

filled out by a deputy sheriff when appellant arrived at the Cobb County jail for pretrial confinement. The exhibit was received by the prosecuting attorney approximately one week before trial and he personally delivered a copy of it to the defense counsel the day it was received by the prosecuting attorney. Appellant made no objection to admissibility of Exhibit 21 on the ground that she had not received a copy of it at least ten days prior to trial, and it is well settled that this court will not consider questions raised for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

State Exhibit 22 was a "Health History" form pertaining to any health problems or ailments appellant might have, and was filled out by a deputy sheriff at the time of appellant's booking into the Cobb County jail. The form is filled out on each prisoner so jail officials will know if the prisoner needs any medical treatment or medication. The form obviously is not a "written statement" within the meaning of OCGA § 17-7-210 (a). Further, the prosecuting attorney was unaware of the exhibit or the fact that the jail used such a form until the morning of trial. Since the form was newly discovered evidence, the provisions of OCGA § 17-7-210 are not applicable. OCGA § 17-7-210 (e); *Hampton v. State*, 162 Ga. App. 672, 674 (3) (292 SE2d 544) (1982).

Appellant's contention in a separate enumeration of error that the exhibits were not admissible because a proper foundation was not laid for introduction of the exhibits as an exception to the hearsay rule (past recollection recorded) is without merit. Appellant did not object to the admission of the exhibits on this ground and we will not consider questions raised for the first time on appeal. *Bowen*, supra.

4. Appellant contends it was error to admit two of her statements to police into evidence because the first statement was made before she was advised of her *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)), and the second statement was made in response to a hope of benefit.

Appellant's first statement was made in response to questions by Rick Townsend, a police officer, when he arrived at appellant's residence to check a report of a domestic disturbance. On Townsend's arrival appellant came up behind him and Townsend asked appellant what the problem was; she replied that her husband came home and started beating on her while she was asleep, and as appellant was running out of the house she had her gun and was shooting back toward her husband. Appellant was not in custody at the time and was not suspected of any offense. *Miranda* warnings are not required when a person responds to an officer's initial inquiry at an on-the-scene investigation which has not become accusatory. *Collins v. State*, 154 Ga. App. 651, 653 (3) (269 SE2d 509) (1980). Hence, this statement was admitted into evidence properly.

Appellant was subsequently taken to the police station and Detective Kenneth Reibly had appellant brought to his office. Reibly filled out a *Miranda* rights form and read it to appellant and had her read the form herself. She then signed a waiver of rights form and Reibly asked if appellant wanted to make a taped statement. Appellant said she would tell Reibly what happened but she did not want to make a *taped* statement without a lawyer present. She then told Reibly substantially the same thing she had told Officer Townsend at the scene, adding only the fact that she believed her husband had a shotgun. Appellant argues that because she was advised that her statement would not be recorded, this constituted a hope of benefit. These arguments are not supported by the transcript, which shows that *appellant* offered to make a statement if it was not recorded. Thus, there was no inducement held out by Reibly to make appellant believe she would benefit from not having her statement recorded.

Hope of lighter punishment, induced by one other than the defendant, is usually the "hope of benefit" referred to in OCGA § 24-3-50. *Presnell v. State*, 241 Ga. 49, 55 (5) (243 SE2d 496) (1978). Since the hope of benefit contemplated by OCGA § 24-3-50 must be induced by another, any hope which originated in the mind of the person making a confession would not exclude admission of the confession. *Dickey v. State*, 157 Ga. App. 13, 14 (1) (276 SE2d 75) (1981). Thus, it was not error to admit into evidence appellant's statement to Reibly.

5. In appellant's last enumeration she contends error in the court's charge on presumption of intent by a person of sound mind and discretion which was condemned in *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985). Such a charge was not given by the court and is not supported by the transcript. This court cannot consider factual representations in a brief which are not supported by the transcript and do not appear in the record. *Chamlee v. State*, 166 Ga. App. 696, 697 (2) (305 SE2d 369) (1983).

*Judgment affirmed. Carley, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 19, 1986.

*Roland R. Castellanos*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.