A89A0917. MARLOW v. THE STATE.
(385 SE2d 759)

BEASLEY, Judge.

Defendant appeals his conviction of burglary, OCGA § 16-7-1,
enumerating as error that: 1) the prosecutor expressed his personal
belief in defendant's guilt; 2) a State's witness placed defendant's
character in evidence; 3) his custodial statement was admitted into
evidence in violation of OCGA § 17-7-210; 4) certain admitted testi-
mony was hearsay.

1. The prosecutor responded to an objection to cross-examination
regarding a Bible defendant was holding closely during his testimony:
"Your Honor, the relevance is that the entire defense is a charade and
that this is a prop." The jury could infer he personally disbelieved
defendant's testimony. After defendant's motion for mistrial, the
court took prompt corrective action both out of and in the jury's pres-
ence, sternly admonishing the prosecutor. The prosecutor apologized
both times. Afterwards, defendant neither renewed his motion for
mistrial nor requested any other additional court action. What was
raised was not preserved for appellate review. *Burgess v. State*, 149
Ga. App. 630, 631 (1) (255 SE2d 100) (1979); *Jackson v. State*, 248
Ga. 480, 483 (2) (284 SE2d 267) (1981).

2. Defendant asserts error in the failure to grant his motion for
mistrial because his character was placed in evidence. The victim of
the burglary, who allegedly placed defendant's character into evi-
dence, was repeating defendant's statement to him "that he had a
problem with cocaine."

Defendant's indicating he may have committed another separate
offense is not a valid ground of objection to the recitation of his in-
criminatory statement. *Bradford v. State*, 166 Ga. App. 584, 585 (4)
(305 SE2d 32) (1984); *Mathis v. State*, 172 Ga. App. 314 (1) (323
SE2d 227) (1984). See *McGinnis v. State*, 258 Ga. 673, 674 (2) (372
SE2d 804) (1988). Moreover, the court promptly gave curative in-
structions and defendant failed to renew his motion or object further.
*Tarver v. State*, 186 Ga. App. 905, 906 (2) (368 SE2d 828) (1988).

3. Prior to trial and pursuant to OCGA § 17-7-210, defendant re-
quested copies of any custodial statements he made which were in the
State's possession. He asserts error in the admission of the statement
which arose out of his discussion with the victim. See *Walraven v.
State*, 250 Ga. 401, 405 (2) (297 SE2d 278) (1982). The prosecutor

explained that he became aware of it at 11:30 the morning of the trial. This was corroborated by the victim and the investigating officer. OCGA § 17-7-210 (e) excepts from the exclusionary provisions of the statute evidence discovered after the request is filed. *Satterfield v. State*, 256 Ga. 593, 600 (12) (351 SE2d 625) (1987). The court was authorized to conclude that the sanctions for failing to supply the statement were not applicable. *Ledesma v. State*, 251 Ga. 487, 489 (5) (306 SE2d 629) (1983); *Eady v. State*, 182 Ga. App. 293, 299 (8) (355 SE2d 778) (1987); *Wesley v. State*, 177 Ga. App. 877, 879 (3) (341 SE2d 507) (1986); *Hampton v. State*, 162 Ga. App. 672, 674 (3) (292 SE2d 544) (1982).

4. Defendant contends that certain testimony given by an officer regarding statements made to him in the course of his investigation were prejudicial hearsay. See *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982). Substantially the same evidence was introduced another way. It was cumulative and harmless. *Teague v. State*, 252 Ga. 534, 537 (2) (314 SE2d 910) (1984); *Spaulding v. State*, 185 Ga. App. 812, 814 (3) (366 SE2d 174) (1988).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 5, 1989.

*Robert G. Rubin*, for appellant.
*Lewis R. Slaton, District Attorney, William C. Akins, Nancy A. Grace, Joseph J. Drolet, Assistant District Attorneys*, for appellee.