A89A1150. GILBERT v. THE STATE.
(388 SE2d 18)

SOGNIER, Judge.
David Phillip Gilbert was convicted of armed robbery, rape, aggravated sodomy, aggravated assault with a deadly weapon, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. He appeals.

The victim testified at trial that on the afternoon of November 25, 1987, a man she identified as appellant came to her front door, described himself as a bail bondsman, showed her a photograph, and asked her whether she had seen the woman in the photograph. When she acceded to his request to let him use her telephone, he confronted her with a gun, robbed her, and then forced her upstairs where he raped and sodomized her. Afterward, she observed him drive away in a Dodge Ram truck. Four witnesses who lived near the victim testified that on the same afternoon a man they identified as appellant drove up to their homes in a black truck, came to their doors and told them he was a bail bondsman looking for a woman depicted in a photograph he showed them, and asked to use their telephones. The one witness who allowed the man inside her house stated that he pulled a gun, but she managed to escape. Several of her neighbors testified that they saw her run screaming from her house and noticed a black truck parked in front. Additional testimony revealed that appellant was seen driving a black Dodge truck on the date of the incident.

1. Appellant contends the trial court erred by admitting into evidence statements he made to a police officer concerning the condition of his left hip and leg on the ground that a copy of the statement was not timely furnished to his counsel as required by OCGA § 17-7-210.

The record reveals that after the victim reported the attack at issue, appellant was arrested on a weapons charge on December 2, 1987 and taken to the Gwinnett County Police Department for questioning about the rape. Investigator Robert Harris testified at the *Jackson-Denno* hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964)) that after arresting appellant, he (Harris) read appellant his constitutional rights and then turned him over to Officer Philip Wages for booking. Wages testified that he fingerprinted and photographed appellant and then as part of the Department's routine procedure asked appellant certain questions about his physical characteristics, filling in a standardized form with the information given by appellant. Officer Wages acknowledged that he was aware appellant was a suspect in the rape, but stated he did not know a witness had described the perpetrator as having a physical disability.

Two of the witnesses who had been accosted by a man they identified as appellant on the same day the rape occurred testified at trial that the man who had approached them had a "deformed" hip and walked with a limp, and one witness recalled giving this information to police. Wages testified during the trial that appellant had disclosed he had several scars on his left leg and hip and had "a bad left leg." The standardized form on which this information was recorded was admitted into evidence.

OCGA § 17-7-210 provides in part that "[a]t least ten days prior to the trial of the case, the defendant shall be entitled to have a copy of any statement given by him while in police custody. . . . If the defendant's statement is oral or partially oral, the prosecution shall furnish, in writing, all relevant and material portions of the defendant's statement. . . . [N]o relevant and material (incriminating or inculpatory) portion of the [oral] statement . . . may be used against the defendant unless it has been previously furnished to the defendant [upon] timely written request." OCGA § 17-7-210 (a), (b), (d). If the prosecution fails to comply with a defendant's request, the statement is excluded from the prosecution's use at trial. OCGA § 17-7-210 (c).

There is no dispute that the statement was not provided to appellant's counsel within the statutory time period, as the record reveals that appellant's counsel filed a written request pursuant to OCGA § 17-7-210 on April 4, 1988, but the existence of this statement was not disclosed to counsel until April 15th, and a copy was not produced until April 20th, five days before trial. The State argues that

under the authority of *Wesley v. State*, 177 Ga. App. 877, 879 (3) (341 SE2d 507) (1986), the form filled out by Wages was not a written statement within the meaning of OCGA § 17-7-210 (a), and thus did not have to be produced. We do not agree, because the statute covers "any statement" given by a defendant, and specifically includes any material or inculpatory portions of an oral statement. In *Wesley* there was no indication whether the health information given by the defendant was inculpatory, and as a result we now find overbroad our statement that the "Health History" form given by the defendant "obviously [was] not a 'written statement' within the meaning of OCGA § 17-7-210 (a)." Id. Thus, this court's holding in *Wesley* regarding the applicability of OCGA § 17-7-210 to health or medical history given by accuseds to authorities will not be followed when, as in the case at bar, the information at issue is relevant and material. Accordingly, we agree appellant was entitled to a copy of the statement pursuant to his timely written request as mandated by OCGA § 17-7-210. Further, as our holding in *Wesley* that an inculpatory statement, such as the health information form at issue here, could constitute "newly discovered evidence" within the meaning of OCGA § 17-7-210 (e) because the prosecuting attorney was unaware of its existence prior to trial was in conflict with a Supreme Court decision, *Talley v. State*, 251 Ga. 42-43 (302 SE2d 355) (1983), we overrule that portion of *Wesley* and hold that *Talley* applies in the case at bar.

Nonetheless, we find it highly probable that the admission of this evidence did not contribute to the verdict because the evidence against appellant was overwhelming. See id. at 43. Accordingly, we find no harmful error requiring reversal. See id.

2. Appellant also maintains in his enumeration regarding his statement to police that the statement was not freely and voluntarily given, but as he provides no supporting argument or citation of authority, we deem this argument abandoned. Court of Appeals Rule 15 (c) (2); *Kuptz v. State*, 179 Ga. App. 150, 152 (12) (345 SE2d 670) (1986).

3. In his remaining enumeration of error appellant contends the trial court's refusal to allow him to ask certain questions of Investigator Robert Harris resulted in a denial of his constitutional right to confront the witnesses against him.

Investigator Harris testified at trial concerning various steps he took in investigating the rape, which included gathering information about the similar approaches made on the same day to other women who lived in the same Gwinnett County neighborhood as the victim. During his cross-examination of Harris, appellant's counsel sought to question the witness whether he had investigated reports of rapes committed in Cobb County by a man or men who gained access to women's homes through false pretenses, but the trial court disallowed

that line of inquiry. We find no error in the trial court's ruling, as the transcript reveals appellant's counsel was attempting to cross-examine the witness regarding specific information that had not been introduced into evidence. *Kamman v. Seabolt*, 149 Ga. App. 167, 169-170 (8) (253 SE2d 842) (1979). Further, the record also reveals that appellant's counsel cross-examined Harris extensively, and thus we find the essential purpose of confrontation, which is to provide the opportunity for cross-examination, was satisfied in this case. See *Hawkins v. State*, 175 Ga. App. 606, 609-610 (2) (333 SE2d 870) (1985). The right to a thorough and sifting cross-examination "is not an unlimited one. The trial court can exercise its discretion in keeping the questioning within reasonable bounds and in curtailing it if the inquiry is not relevant or material. We find no abuse of discretion in the trial court's ruling that the question was immaterial. [Cit.]" *Samuels v. State*, 174 Ga. App. 684, 685 (2) (331 SE2d 62) (1985).

*Judgment affirmed. McMurray, P. J., Banke, P. J., Birdsong, Pope, Benham and Beasley, JJ., concur. Carley, C. J., concurs in Divisions 1 and 2 and in the judgment. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

While in general agreement with what is held in the majority opinion, it should be noted: (a) The case sought to be overruled, *Wesley v. State*, 177 Ga. App. 877 (341 SE2d 507) (1986), is only a physical precedent without any binding value, as only two judges concurred in this case. What is already lifeless and what has already been once overruled by one judge's vote of "concur in the judgment only" should not have to be again overruled by the whole court; (b) *Kuptz v. State*, 179 Ga. App. 150 (345 SE2d 670) (1986), cited in the majority opinion, is only a two-judge case as the third judge took exception to much of what was said.

DECIDED OCTOBER 25, 1989.

*W. Keith Davidson*, for appellant.
*Thomas C. Lawler III, District Attorney, Scott A. Smeal, Debra K. Turner, Assistant District Attorneys*, for appellee.