## A92A1385. BRADY v. THE STATE.
(426 SE2d 15)

ANDREWS, Judge.
Brady was indicted and tried for rape, statutory rape and child molestation. The jury returned a guilty verdict on all three counts. The trial court determined that the conviction for statutory rape

merged with that for rape and sentenced Brady to life imprisonment for the rape conviction and ten years probation consecutively for the child molestation conviction. Brady appeals.

Evidence at trial was that the 12-year-old victim was Brady's stepdaughter and that on February 24, 1990, Brady fondled the victim and forced her to engage in intercourse. There was testimony that ten months after the February incident, while Brady was out of jail on bond, he molested another 12-year-old and told that victim that because he was already going to jail, it "won't matter if I do it again." The second victim testified that Brady raped her and kidnapped her for two days. Although the statement was never read to the jury in its entirety, Brady's statement in which he admitted having had intercourse with the victim was introduced into evidence. In the statement Brady claimed that the victim initiated the sexual contact and consented to the intercourse. The defense presented evidence which attempted to impeach both the testimony of the victim and of the subsequent victim. Brady did not testify at the trial.

1. In his first enumeration of error, Brady claims that the trial court erred in permitting into evidence his signed *Miranda* rights waiver form, in that such form was not provided to the defense pursuant to its written request under OCGA § 17-7-210. Brady did not contend that the statement he gave was not voluntary, he simply claims that he should have received a copy of the waiver form.

We find this enumeration without merit. "Statements that are not incriminating or inculpatory do not fall within the ambit of OCGA § 17-7-210, and therefore need not be furnished to a defendant." *Williamson v. State*, 188 Ga. App. 307, 308 (1) (372 SE2d 685) (1988); see also *Dean v. State*, 168 Ga. App. 172, 173 (2) (308 SE2d 434) (1983). In the instant situation, the waiver form cannot be construed as inculpatory and there was no error in allowing it into evidence. See *Reeves v. State*, 169 Ga. App. 665, 666 (2) (314 SE2d 682) (1984); see generally *Courson v. State*, 184 Ga. App. 793 (3) (363 SE2d 41) (1987); compare *Gilbert v. State*, 193 Ga. App. 283, 284 (1) (388 SE2d 18) (1989).

2. Secondly, Brady contends that the trial court erred in permitting the State to call a rebuttal witness whose name was not disclosed to the defense pursuant to his request under OCGA § 17-7-110, in that the testimony of the witness was not in direct rebuttal to the evidence presented by the defense. The witness to whom Brady objects, his ex-wife and the mother of the victim, testified after the defense rested regarding her knowledge of the incident.

Pretermitting the issue of whether defense counsel received adequate notice that the witness would be called, and pretermitting the question of whether he properly preserved the error, we find this enumeration without merit. "After the defense has rested, it is within the

discretion of the trial judge whether to allow the State to introduce additional evidence. The trial judge may allow introduction of additional evidence even though it is not strictly in rebuttal of presented defense evidence. We find the trial court did not err in allowing the rebuttal witness to be called as a witness after the defense rested." (Citations and punctuation omitted.) *Horne v. State*, 192 Ga. App. 528, 529 (3) (385 SE2d 704) (1989); see also *Smith v. State*, 260 Ga. 746, 748 (1) (399 SE2d 66) (1991).

3. In his third enumeration, Brady claims that the trial court erred in failing to instruct the jury that he could not be convicted of both rape and child molestation for the same conduct. The indictment against Brady charged in the first count that on February 24, 1990, he had committed the offense of rape (OCGA § 16-6-1) in that he had carnal knowledge of the victim forcibly and against her will. Count 3 of the indictment charged that Brady was guilty of child molestation (OCGA § 16-6-4) in that on the same date he fondled the victim with the intent to arouse and satisfy his sexual desires. The trial court instructed the jury regarding the crimes of rape and child molestation and the record contains ample evidence of the separate acts which underlie the two separate convictions.

Brady's argument that the trial court erred by failing to charge that child molestation is a lesser included offense of rape is without merit. The record reveals that although Brady originally submitted a written charge on this point to the court, he subsequently withdrew the request. This withdrawal is indicated both by the notation "withdrew" on the instruction and is conceded to by Brady in his argument regarding ineffective assistance of counsel in which he states that no charge on this point was requested. Further, although Brady reserved all exceptions to the court's charge, he did not raise this issue as an error[1] in his motion for new trial.

"A trial judge never errs in failing to instruct the jury on a lesser-included offense where there is no written request to so charge." *Comer v. State*, 247 Ga. 167 (275 SE2d 309) (1981); see also *Phillips v. State*, 260 Ga. 742, 746 (5) (399 SE2d 202) (1991). Accordingly, we find no error here.

4. Finally, Brady claims that he was denied the right to effective assistance of counsel at trial. He argues that defense counsel was unprepared for trial and did not adequately investigate the case and that trial counsel made several legal errors.

At the hearing on the motion for new trial, Brady testified that his attorney met with him several times in jail. Brady testified that he

---

[1] In Brady's motion for new trial, this issue was raised as one of the arguments regarding ineffective assistance of counsel, but was not argued as a separate reason for granting a new trial.

told his attorney of several witnesses, but that the attorney failed to call those witnesses. Nevertheless, Brady conceded that the attorney interviewed those witnesses. Brady's trial counsel also testified at the hearing and explained the rationale for some of his trial strategies.

A trial court's finding that counsel was effective must be upheld unless that finding is clearly erroneous. *Snyder v. State*, 201 Ga. App. 66, 70 (8) (410 SE2d 173) (1991). "In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The complaining defendant must make both showings." (Citations and punctuation omitted.) *Jacobson v. State*, 201 Ga. App. 749, 752 (5) (412 SE2d 859) (1991).

(a) Brady first argues that his counsel was unprepared for trial and did not adequately investigate the case. His arguments are: (1) that Brady's counsel did not adequately investigate Brady's psychiatric background before filing a motion for psychiatric evaluation; (2) that his counsel was not aware that Brady's statement was voluntary and argued that it was involuntary; and (3) that he failed to call certain witnesses.

Brady has not shown how these examples of his counsel's ineffectiveness caused harm and his general arguments in this regard are without merit. First, the motion for psychiatric evaluation was denied by the court and Brady does not suggest how any harm from this denied motion resulted. With regard to the second argument, Brady does not claim that his statement was inadmissible, he simply states that his counsel's argument that the statement was involuntary was incorrect. Regarding the third point raised, "[t]his court has repeatedly held that trial strategy and tactics do not equate with ineffective assistance of counsel." (Citation and punctuation omitted.) *Jacobson*, supra at 752.

(b) Brady also alleges that his trial counsel committed several legal errors. He claims that trial counsel was ineffective in that he failed to object to the victim's out-of-court statements; he failed to have Brady testify or protect him from the failure to do so; and he failed to submit a jury instruction as discussed in Division 3. Again, Brady does not delineate in more than a general manner the way in which trial counsel's alleged deficiencies prejudiced him.

"A defendant is entitled not to perfect representation but to reasonably effective assistance. The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so,

the judgment is assumed to be correct and must be affirmed. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. The trial court's finding in the instant case is not clearly erroneous." (Citations and punctuation omitted.) *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 9, 1992 —
RECONSIDERATION DENIED NOVEMBER 30, 1992 ▮

*Cathey & Strain, J. Edward Staples*, for appellant.

*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.