A94A0164. HAYES v. THE STATE.
(440 SE2d 539)

BLACKBURN, Judge.

The appellant, James Hayes, was convicted of aggravated assault, for which he was sentenced to 20 years' imprisonment. On appeal, he

contends that the trial court erred (1) in denying his amended motion for new trial based on ineffective assistance of trial counsel, (2) in excluding evidence of the victim's bias, and (3) in failing to conduct a presentence hearing.

The victim testified that on August 7, 1990, as he was sitting on the front porch of a friend's residence, Hayes walked up to within ten feet, pulled out a nine millimeter pistol, and shot him four times. The victim ran away from the scene as Hayes fired several more shots that missed him. A friend of the victim who was present essentially corroborated the victim's testimony, and also positively identified Hayes as the shooter.

The investigating officer went to the scene later in the evening, and found no spent bullet casings on the ground, which suggested the possibility that someone had removed them. He was informed by witnesses that immediately following the shooting, Hayes jumped in a car and sped away. Hayes eventually was arrested four months later in New Jersey, and was extradited back to Georgia.

Hayes testified that he had approached the victim on the day in question to tell him to stop giving Hayes' nephew drugs to sell. The victim had mocked his request, and then several shots rang out, causing everyone to scatter. Hayes thought that the shots came from the direction of a park about one-half block away.

1. Hayes was represented during the trial by retained counsel. Following Hayes' conviction, trial counsel filed a motion for new trial, but died before any ruling on the motion. Subsequently, Hayes' present counsel filed an amended motion for new trial asserting that trial counsel had provided ineffective assistance in that he failed to make relevant pretrial motions; did not secure the attendance of critical witnesses; did not make timely objections; did not impeach the State's witnesses; did not move for directed verdict of acquittal; did not call witnesses to support his case; and did not request a presentence hearing.

In order to demonstrate ineffective assistance of counsel, a criminal defendant must show that trial counsel's performance was deficient, and that the deficient performance prejudiced the defense, i.e., that there was a reasonable probability that, but for trial counsel's unprofessional errors, the outcome of the case would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brady v. State*, 206 Ga. App. 497 (4) (426 SE2d 15) (1992). Trial strategy and tactics do not equate with ineffective assistance of counsel. *Garrett v. State*, 196 Ga. App. 872 (397 SE2d 205) (1990).

With regard to pretrial motions, Hayes complains only of the failure to file a *Brady* motion. However, he made no showing that trial counsel was not afforded access to the State's file or that there was

any exculpatory material in that file. Hayes' assumption, based upon the State having filed a motion in limine to exclude evidence of the victim's character, that the State's file must have contained evidence of the victim's criminal convictions is insufficient to make such a showing.

With regard to the alleged failure to secure the attendance of and call critical witnesses at the trial, Hayes identified three potential witnesses during the hearing on the motion for new trial. However, one of those three was too drunk to attend the hearing, and one was Hayes' nephew, who acknowledged that he had never informed Hayes' trial counsel that he had witnessed the incident. (The record also shows that the nephew failed to show up for the trial in any event.) The third witness essentially corroborated Hayes' version of the event, but trial counsel had interviewed her, and made a tactical decision not to call her as a witness. See *Cauley v. State*, 203 Ga. App. 299 (416 SE2d 575) (1992).

Other omissions complained of by Hayes include trial counsel's failure to raise more than a few objections during the State's presentation of its case, particularly in regard to leading questions asked by the prosecutor; his failure to impeach the State's witnesses; and his failure to request a presentence investigation and hearing. However, with regard to the lack of objections and presentence procedures, Hayes has not shown how he was harmed by these omissions. Concerning the failure to impeach the State's witnesses, he made no showing as to how such could have been properly accomplished.

Lastly, Hayes asserts that trial counsel was deficient in failing to move for directed verdict of acquittal. Viewed in the light most favorable to the jury's verdict, the evidence was sufficient for a rational trier of fact to find Hayes guilty beyond a reasonable doubt of aggravated assault as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, a motion for directed verdict of acquittal would have been futile, and the failure to do so in no way constituted a deficient performance.

"A defendant is entitled not to perfect representation but to reasonably effective assistance. The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. The trial court's finding in the instant case is not clearly erroneous." (Citations and punctuation omitted.) *Brady v. State*, supra at 500-501.

2. The trial court disallowed any evidence regarding the victim's alleged drug trafficking other than Hayes' own testimony about his telling the victim to stop giving his nephew drugs to sell, on the

grounds that it impermissibly placed the victim's character in issue. Hayes contends that this prohibition erroneously excluded evidence that would have demonstrated the victim's motive and bias against him, i.e., that the victim falsely accused him to eliminate further interference with his drug dealing.

Review of the record shows that during the hearing on the State's motion in limine, defense counsel expressed the intention of presenting evidence that the victim was a drug dealer who accused Hayes because the latter was interfering with his drug dealing. The trial court agreed to allow defense counsel to present such evidence, but only by Hayes' own testimony regarding the circumstances of his confrontation with the victim. In response to the trial court's ruling, defense counsel stated, "Okay, that's fine." Later in the hearing, however, defense counsel declared his intention of also having Hayes' nephew testify about the victim's drug dealing, and the trial court instructed him that such inquiry would not be allowed.

A criminal defendant is entitled to show the state of a witness's feelings towards him and the witness's relationship to him. OCGA § 24-9-68; *Boggs v. State*, 195 Ga. App. 605 (394 SE2d 401) (1990). During the trial, Hayes actually testified, over the State's objection and motion for mistrial, that the victim sold drugs for a living and had furnished his nephew with drugs, which had prompted the confrontation between them. Hayes' nephew failed to show up for the trial, and the trial court's ruling thus resulted in no curtailment of Hayes' right to show the bias of the victim.

3. Following the return of the jury's verdict, Hayes began a profane tirade addressed to the trial court, during which he also became physically agitated. When the bailiff and Hayes' mother finally restrained Hayes, the trial court immediately sentenced him to 20 years' imprisonment.

Hayes contends that the trial court's failure to conduct a presentence hearing as required under OCGA § 17-10-2 entitles him to a remand as to the sentence. See *Howard v. State*, 161 Ga. App. 743, 746 (289 SE2d 815) (1982). No objection was made at trial to the omission, but the failure to follow the mandate of OCGA § 17-10-2 is neither harmless nor waived by the failure to object to procedure. *Jefferson v. State*, 205 Ga. App. 687 (423 SE2d 425) (1992). The trial court's immediate imposition of the sentence in the instant case is understandable under the circumstances, but the omission of the mandatory presentence hearing requires reversal of the sentence and remand of the case for resentencing in accordance with OCGA § 17-10-2 (a). Id.

The State contends that Hayes forfeited his right to a presentence hearing by his outrageous conduct. However, although OCGA § 17-10-2 provides no guidelines regarding the appropriate re-

sponse to a defendant's disruptive behavior during a presentence hearing, the situation may be likened to cases involving defendants who are disruptive during the trial itself. In that situation, there are at least three permissible ways to handle such defendants: (1) bind and gag them, which allows continued presence in the courtroom; (2) cite them for contempt; and (3) removal until a promise of proper conduct is made. See *State v. Fletcher*, 252 Ga. 498 (314 SE2d 888) (1984).

In the instant case, inasmuch as the record indicates that Hayes eventually was restrained, it may have been possible to complete the presentence hearing without further disruption. In any event, the failure to complete the hearing, with or without the defendant's presence, requires resentencing.

*Judgment of conviction affirmed; sentence reversed and case remanded with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 2, 1994.

*Musgrove & Lamb, Lewis R. Lamb*, for appellant.
*Britt R. Priddy, District Attorney, David E. Perry, Assistant District Attorney*, for appellee.